## I. EDWARD SERLIN *vs.* ALBERT D. ROTMAN, administrator, & others.

Suffolk.    September 14, 1976. — December 13, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, KAPLAN, & WILKINS, JJ.

*Attorney at Law,* Compensation.    *Lien,* Attorney's lien.

Evidence that an attorney who was hired by the defendant's deceased to prosecute a tort action was authorized by the decedent to hire another attorney to assist him in prosecuting the claim warranted a finding that the first attorney was entitled to enforce a lien for a fair and reasonable fee against proceeds derived from any settlement or judgment obtained by the defendant for the decedent's tort claim. [450-451]

PETITION filed in the Superior Court on April 10, 1972.

The case was heard by *Nelson,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Stephen R. Katz* for Albert D. Rotman, administrator.

*J. Sheffield Dow* (*Albert M. Escott* with him) for the plaintiff.

HENNESSEY, C.J.    In April, 1972, the plaintiff (Mr. Serlin) filed a petition to establish an attorney's lien on the estate of Hyman Rotman against Sally Rotman (Mrs. Rotman), in her capacity as administratrix of the estate of Hyman Rotman (the decedent).[1] Mrs. Rotman's answer claimed that Mr. Serlin had acted without authority from the decedent in handling his motor vehicle tort claim and that the fee claimed by Mr. Serlin for his services in

---

[1] The defendant Sally Rotman is deceased now and Albert D. Rotman has been appointed administrator de bonis non. A motion that he be substituted for Sally Rotman, administratrix, as the defendant, was allowed.

prosecuting this claim was neither fair nor reasonable. A Superior Court judge ruled that Mr. Serlin had rendered services to the decedent valued at $3,000 and was entitled to enforce his lien against proceeds derived from any settlement or judgment obtained by the defendant for the decedent's tort claim.

The judge found that the decedent hired Mr. Serlin sometime in April, 1970, to handle a personal injury case arising out of a motor vehicle accident and that Mr. Serlin hired another attorney, Mr. Albert Escott, to assist him in prosecuting this claim with the knowledge and approval of his client. The judge found that the decedent received a $15,000 settlement offer because of Mr. Serlin's activities. The judge further found that there was insufficient evidence to establish the existence of a contingent fee arrangement.[2] However, the judge ruled that the total fee charged the decedent was reasonable, and he did not hold the decedent's estate financially responsible to Mr. Escott for his services in prosecuting the tort claim. No evidence clarified the financial arrangements between Mr. Serlin and Mr. Escott for fee sharing.

Mrs. Rotman contended that the judge erred in his findings that Mr. Serlin hired Mr. Escott with the decedent's knowledge and approval, and that Mr. Serlin rendered valuable services worth $3,000. She maintained, consequently, that the estate owes Mr. Serlin nothing. Supreme Judicial Court Rule 3:22, 359 Mass. 796, 808 (1972), prohibits the division of fees for legal services without client consent to the employment of a second attorney after full disclosure of the fee sharing arrangement (Canons of Ethics and Disciplinary Rules Regulating the Practice of Law, DR 2-107). We need not decide whether this rule applies in this case, given the time sequence involved, because we conclude that the evidence supports the judge's findings that Mr. Serlin hired Mr. Escott with the dece-

[2] Further, we note that such a contingent fee arrangement could not be enforced in the absence of a showing that a written agreement sufficient to satisfy S.J.C. Rule 3:14, 351 Mass. 795 (1967), had been executed.

dent's knowledge and that Mr. Serlin himself was responsible for Mr. Escott's compensation. Mr. Serlin testified that he told Hyman Rotman he wanted to hire Mr. Escott, "[A]s I had with another case that [Mr. Rotman's] son Josiah had with me," and that the decedent responded, " 'Whatever you do, Mr. Serlin, you do the right thing.' " From this testimony the judge warrantably inferred that the decedent not only knew and approved of the hiring of Mr. Escott but was aware from previous experience that Mr. Escott would be paid by Mr. Serlin.

On the issue of the fair and reasonable value of his services, Mr. Serlin testified that the fair value of his services was $35 to $40 an hour. In finding that Mr. Serlin's services resulting in a settlement offer were worth $3,000, the judge apparently established Mr. Serlin's useful work at seventy-five hours using an hourly rate of $40. The evidence supports such findings since Mr. Serlin testified that he devoted substantially more than seventy-five hours to the case. That this court might have reached a different conclusion, less favorable to Mr. Serlin, is not a relevant argument, since the evidence supported the judge's conclusion.

*Judgment affirmed.*