G. Howard Hayes & others *vs.* Department of Revenue & another; Michael J. Markoff & another, interveners. No. 96-P-948. November 26, 1997. *Attorney at Law,* Compensation, Lien. *Lien. Taxation,* Tax lien.

On the motion of the Department of Revenue, a Superior Court judge ruled that since certain tax liens, see G. L. c. 62C, § 50(*a*), were prior in time to an attorney's lien under G. L. c. 221, § 50,[1] the tax liens had priority.[2] The attorneys appeal from the ensuing judgment entered in favor of the department.[3] We reverse.

We take our facts from the stipulation of the parties and from undisputed affidavits. On November 11, 1990, Mr. Stephen V. Murphy, on behalf of his client, Paul J. Woods, filed an action in Barnstable District Court against the makers and guarantors of a promissory note. With the consent of Woods, Mr. Murphy retained another attorney, Michael J. Markoff, in January 1992 to assist in the matter. Prior to Mr. Markoff's hiring, the department had, in March and April 1991, filed notices of tax liens against Woods which arose pursuant to March 15, 1991, assessments.

When originally hired, Mr. Murphy had no written fee agreement. In May 1992, Messrs. Murphy and Markoff entered into a written contingent fee agreement with Woods.

The underlying lawsuit was settled in June 1992, and later, by court order, the defendants in that action (interpleader plaintiffs in this action) placed the amounts payable to Woods into an escrow account in the Superior Court.[4] The department by stipulation agreed that the fees sought, $5,886.75 by Mr. Murphy and $13,847.50 by Mr. Markoff, reflected the value of the services provided. Both attorneys waived the higher fees provided by the contingent fee agreement.

The Superior Court judge, without additional explanation, stated that the tax lien arose first. The department seeks to sustain the judgment on two grounds: one, that Mr. Murphy waived his lien by entering into the contingent fee arrangement in May 1992; and, two, that Mr. Markoff entered into the case in January, 1992. Both 1992 dates were, of course, subsequent to the tax liens.

Under the attorney's lien statute, see note 1, *supra,* Mr. Murphy's lien commenced on November 11, 1990, prior to the department's tax liens. The change in the arrangement as to the terms of payment or the amount did not affect the commencement of Mr. Murphy's representation and has no bearing on the date of his lien. The situation does not differ from the case where a lawyer has a contingent fee and subsequently agrees to payment on principles

---

[1]In relevant part that statute provides: "From the authorized commencement of an action, counterclaim or other proceeding in any court . . . the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses upon his client's cause of action . . . upon the judgment . . . and upon the proceeds derived therefrom." G. L. c. 221, § 50, as appearing in St. 1945, c. 397, § 1.

[2]The case was decided in the Superior Court on the assumption that the lien first in time has priority. The parties do not argue otherwise, and we proceed on the same assumption.

[3]The attorneys were intervener defendants in this action and the dispute is between them and the department.

[4]An amount from the escrow account was paid to the United States Internal Revenue Service by agreement of the parties.

of quantum meruit. Cf. *Phelps Steel, Inc.* v. *Von Deak*, 24 Mass. App. Ct. 592, 594-595 (1987). Mr. Murphy did not waive his lien by entering into the May, 1992, contingent fee agreement.

The department stipulated that Mr. Murphy retained Mr. Markoff, and an undisputed affidavit indicates that Mr. Markoff's employment was with the client's consent. See S.J.C. Rule 3:07, DR 2-107, as amended, 382 Mass. 773 (1981). Just as a law firm's attorney's lien covers the services of the several lawyers in the firm who work on a case, see *Phelps Steel, Inc.* v. *Von Deak*, 24 Mass. App. Ct. at 595, the lien of a lawyer who retains another attorney with the consent of the client may include in the amount of his lien the reasonable value of the services employed. See *Serlin* v. *Rotman*, 371 Mass. 449, 450-451 (1976). See also *Boswell* v. *Zephyr Lines, Inc.*, 414 Mass. 241, 249-251 (1993).

The judgment of the Superior Court is vacated. A new judgment is to enter declaring that Mr. Murphy's lien has priority over the lien of the department and is in an amount covering his fees and expenses, including the amount he incurred by retaining Mr. Markoff.

*So ordered.*

*Michael J. Markoff (Stephen V. Murphy with him) pro se.*

*Salvatore M. Giorlandino,* Assistant Attorney General, for the Department of Revenue.