HOWARD COLE *vs.* J. R. HAMPSON & CO., INC.

J. R. HAMPSON & CO., INC. *vs.* HOWARD COLE.

A. WALKER WEBSTER *vs.* SAME.

Berkshire.   September 17, 1929. — October 3, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Contract,* Building contract, What constitutes, Construction. *Practice, Civil,* Exceptions: whether error harmful.

The declaration in an action of contract by the owner of real estate against a building contractor was based upon a contract in writing, general conditions in printed pages, and specifications in typewritten

pages, copies of all of which were annexed to the declaration, and sought repayment of sums paid to the contractor which were alleged not to have been due to him. The contractor brought an action of contract against the owner for additional sums alleged to be owed to him by reason of work outside the contract in writing and the architect brought an action against the owner for services as to such extra work. The answer of the contractor in the first action and answers by him to interrogatories admitted that both the printed general conditions and typewritten specifications were parts of the contract. The three actions were tried together. The owner contended that, by reason of a provision in the printed general conditions, the amounts which he sought to recover should not have been paid to the contractor and that neither the contractor nor the architect was entitled to recover by reason of the extras. The judge admitted in evidence in the action by the architect both the printed and the typewritten sheets but, subject to exceptions by the owner, refused to admit the printed general conditions in evidence in the actions between the owner and the contractor. There were verdicts in all actions against the owner. *Held,* that

(1) The printed general conditions should not have been excluded in the actions between the owner and the contractor;

(2) The questions, what payments should have been made, and what payments, if any, still were due from the owner to the contractor and the architect, depended upon the provisions in the printed general conditions;

(3) The owner was harmed in all three actions by reason of the exclusion of the printed general conditions in the actions between him and the contractor;

(4) The exceptions of the owner were sustained in all three actions.

THREE ACTIONS OF CONTRACT, with declarations described in the opinion. Writs dated respectively August 30, October 5, and October 5, 1926.

In the Superior Court, the actions were tried together before *Callahan,* J. Material evidence is described in the opinion. There was a verdict for the defendant in the first action, for the plaintiff in the sum of $2,320 in the second action, and for the plaintiff in the sum of $3,345.91 in the third action. Howard Cole alleged exceptions.

*M. B. Warner,* for Howard Cole.

*W. A. Heaphy,* for J. R. Hampson & Co., Inc., and Webster.

PIERCE, J. These are three separate actions of contract growing out of or connected with the performance of certain construction work, in Lenox, on an estate called Wyndhurst, owned by Howard Cole. J. R. Hampson &

Co. Inc. (hereinafter called the contractor), the defendant in the first action and the plaintiff in the second, did work for the owner, on a cost plus basis; and A. Walker Webster, the plaintiff in the third case, is the architect employed by Howard Cole. In the first action Cole seeks to recover for alleged over payments upon the building contract, and for money paid the contractor for work, labor and material not comprehended in the contract attached to Cole's declaration. In the second action the contractor seeks to recover from Cole commissions under the contract which he claims to be due him. In the third action Webster seeks to recover from Cole his commissions as architect upon the total amount expended in said building operations. The pleadings are made a part of the bill of exceptions. In the first action the jury found for the defendant and in the second and third for the plaintiffs. The cases are before this court on the exceptions of Cole only.

The original contract, in writing, "for completion of one Locker House; one Type 'A' Cottage; Two Type 'B' Cottages and One Garden Cottage" was executed by the owner and contractor (denominated therein "The Agent") on May 24, 1926. By the terms of the contract the agent undertakes to act for the owner in the carrying to completion of said buildings, taking over the work on May 26, 1926. "The Agent is to have full power and it shall be its duty to employ all labor and purchase all material and to make all contracts, necessary to the completion of said buildings, in accordance with the plans and specifications as the same are now are or as they may from time to time be modified." No plans or specifications were attached to the contract when it was executed or specifically agreed on, but the architect, in response to a message from the private secretary of the owner a few days later, forwarded to the contractor a document consisting of ten printed pages headed "The General Conditions of the Contract for the Construction of Buildings," followed by ten typewritten pages headed "Specifications for Labor and Materials necessary to erect and complete a one and half story cottages

for the Windhurst Club, Lenox, Mass." These printed and typewritten sheets were bound together and prepared as one document by Webster, the architect, and were received in that form by the contractor. They are referred to in the record as Exhibit 20, and are identical with the document marked "B" and attached to the plaintiff Cole's declaration.

At the trial without objection the judge admitted in evidence the printed and written documents in the case of A. Walker Webster against Howard Cole; admitted the typewritten pages of the document headed "Specifications for Labor and Materials necessary to erect and complete a one and half story cottages for the Windhurst Club, Lenox," in the cases of Howard Cole against J. R. Hampson & Co. Inc. and J. R. Hampson & Co. Inc. against Howard Cole; and subject to the exception of Cole refused to allow Cole to introduce in evidence in the last named action the printed pages above referred to. In considering these exceptions it is to be noted that the cases of Cole against J. R. Hampson & Co. Inc. and J. R. Hampson & Co. Inc. against Cole are different actions with different pleadings, although they were tried together.

In the case of Howard Cole *v.* J. R. Hampson & Co. Inc. the plaintiff declares on a contract, consisting, as he contends, of a written agreement, printed conditions and typewritten specifications, all of which are attached to his declaration and all of which the defendant admits are parts of the contract by his answer, in the following language: ". . . the defendant says that all materials furnished, and work and labor performed by the defendant through its agents, servants and employees for the plaintiff were furnished and performed pursuant to and in accordance with the terms and provisions of the contract and specifications declared in the plaintiff's declaration, copies of which are thereto affixed and their alterations, additions thereto and substractions therefrom." Not only does the contractor admit by his answer that the documents annexed to the declaration were a part of the contract, but he further admits in answer to interrogatories that the con-

tract, a copy of which is attached to the declaration, was executed on May 24, 1926; that no other contract than the one which is attached to the declaration was executed; that no work was done or payments made by him or by the plaintiff not comprehended and included in the contract, dated May 24, 1926; that septic tanks or means or methods of disposing of sewage were constructed under the agreement attached to the declaration for all buildings except locker building; that no specifications were attached to the contract at the time it was executed; that the contracts or specifications were given to him soon after May 26, 1926, and that they were the same or similar to Exhibit 20, "the contract, printed and written." Other evidence seems clearly to indicate that the parties considered the printed conditions were a part of the contract, although there is considerable evidence from which the jury could well have found that the conditions were waived.

The "General" provision which appears on the first page of the typewritten specifications and which reads "The conditions under which the work is to be governed by are the accompanying General Conditions of the American Institute of Architects and under the supervision and direction of the Architect," is highly persuasive, if not controlling, evidence that the printed document and the typewritten one, bound together, were intended by the parties to the agreement to be treated "as one document." If these "sheets" were intended to be considered "as one document," it is manifest the printed document was admissible in evidence and the effect of its contents was for the consideration of the jury under proper instructions.

It is clear the exceptions of the plaintiff Cole to the refusal of the court to admit in evidence the printed part of the bound single document must be sustained, unless he affirmatively has failed to show that the error was prejudicial to his case. The conditions under which the work to be done by the defendant J. R. Hampson & Co. Inc. was to be governed are found in the printed document which was bound together with the typewritten specifica-

tions. The right of the plaintiff Cole to recover of the defendant J. R. Hampson & Co. Inc. under his declaration, bill of specifications, and amended declaration, was limited to proof that the defendant had not performed the work and furnished the material for the plaintiff in accordance with the terms of the contract, specifications and the conditions under which the work was to be performed or furnished. The evidence is plenary that extra work was performed and material furnished by the defendant which was outside the terms of the contract and specifications. It was the contention of the plaintiff that he paid for such work and materials mistakenly believing that the sums paid were due under the contract.

At the trial it was, and is now, the contention of the plaintiff, that he never authorized any modification of the contract or made any new contract; nor was there any evidence that the architect or any other person had the authority of Cole so to do. Assuming the jury should so find, the plaintiff relied upon article "15" of the "printed conditions" which reads: "Changes in the Work. — The Owner, without invalidating the Contract, may order extra work or make changes by altering, adding to or deducting from the work, the Contract Sum being adjusted accordingly. All such work shall be executed under the conditions of the original contract except that any claim for extension of time caused thereby shall be adjusted at the time of ordering such change. In giving instructions, the Architect shall have authority to make minor changes in the work, not involving extra cost, and not inconsistent with the purposes of the building, but otherwise, except in an emergency endangering life or property, no extra work or change shall be made unless in pursuance of a written order from the Owner signed or countersigned by the Architect, or a written order from the Architect stating that the Owner has authorized the extra work or change, and no claim for an addition to the contract sum shall be valid unless so ordered. The value of any such extra work or change shall be determined in one or more of the following ways: (a) By estimate and acceptance in a lump sum.

(b) By unit prices named in the contract or subsequently agreed upon.  (c) By cost and percentage or by cost and a fixed fee.  If none of the above methods is agreed upon, the Contractor, provided he receives an order as above, shall proceed with the work.  In such case and also under case (c), he shall keep and present in such form as the Architect may direct, a correct account of the net cost of labor and materials, together with vouchers.  In any case, the Architect shall certify to the amount, including reasonable allowance for overhead and profit, due to the Contractor.  Pending final determination of value, payments on account of changes shall be made on the Architect's certificate."

Obviously one question at the trial was, Were such payments due under the contract?  The answer to that question required an answer of the jury to the further question, Was the work done in compliance with the conditions of the contract, and, if not, were the conditions waived by the plaintiff?  It is clear these questions should have been submitted to the jury under proper instructions, and that the exclusion of a material part of the contract from their consideration was reversible error.

In the second case, J. R. Hampson & Co. Inc. *v*. Howard Cole and in the third case, A. Walker Webster *v*. Howard Cole, the plaintiffs contend that the work was outside of the written contract; that what they did was done in pursuance of implied oral contracts; and that those contracts were ratified subsequently by Cole's presence, by numerous tours of inspection of the work that he made in company with Hampson and Webster; by the fact that he saw what was going on; and by the letters sent to him by the parties.  The claims of the plaintiff in each case in these respects were denied by Cole; and the evidence which was admitted in the case of J. R. Hampson & Co. Inc. to establish claims which would not otherwise be maintainable if the right of the contractor to recover extras was governed by the provisions of the printed document which was excluded, manifestly inured to the benefit of A. Walker Webster in the determination of the amount due him

based upon a percentage of the total costs of the construction work under the contract between Cole and J. R. Hampson & Co. Inc.

In each case the exceptions of Howard Cole must be sustained.

*So ordered.*