DAZIEN'S, INC. *vs.* HODGMAN RUBBER COMPANY. April 10, 1979. The plaintiff, having contracted to manufacture certain draperies for a hotel or motel and having engaged the defendant to coat two thousand yards of the fabric to make it opaque, brought this action for contract damages resulting from a reduction in the tear strength of the fabric, which, according to the plaintiff, made it unfit for the particular use intended. Before engaging the defendant to coat the fabric, the plaintiff had submitted a fifty-yard sample of the fabric to the defendant for coating, and the defendant had done so and returned the sample to the plaintiff for examination. The plaintiff then ordered the two-thousand-yard run to be "exactly as attached sample," the attached sample being a swatch from the fifty-yard sample. The judge found that "[t]he tear strength of the two-thousand-yard production done by the defendant was as good or better than the tear strength of the coated fifty-yard sample" and entered a judgment for the defendant from which the plaintiff appeals. Although the contract for the coating of the fabric was not a sale of goods governed by article 2 of the Uniform Commercial Code (G. L. c. 106, §§ 2-101 et seq.), we hold that the case is governed by principles analogous to those governing a sale by sample, § 2-316(3)(*b*), which, in these circumstances, would exclude any warranty of fitness for a particular purpose. The evidence did not require the judge to find that the sample was to be examined solely with reference to opacity. Although the defendant knew that the coating process tended to weaken the tear strength of fabrics and did not disclose that fact to the plaintiff, there was no evidence concerning the extent of the reduction in tear strength caused by the process, and there was evidence that the defendant had coated drapery fabrics by the same process in the past with no complaints. There was evidence that the defendant knew in general that the fabric was to be manufactured into drapes but no evidence that it had been made aware of any special or unusual demands to which the fabric might be subjected in the particular draperies called for by the plaintiff's supply contract. In these circumstances the judge did not err in entering judgment for the defendant. No argument has been made as to, and we do not consider, the relevance of any duty of disclosure which may be imposed under G. L. c. 93A, § 2, by par. XV of the Attorney General's Rules and Regulations, 20 Code Mass. Regs., Part 5, at 39-40, see *Heller* v. *Silverbranch Constr. Corp.*, 376 Mass. 621, 626 n.3 (1978), because those regulations had not been filed with the Secretary of the Commonwealth when the transaction in question transpired. See G. L. c. 30A, § 5, as in effect prior to St. 1970, c. 712, § 3.

*Judgment affirmed.*

Rescript Opinions.

*Ralph Davis* for the plaintiff.
*Gerald P. Tishler* for the defendant.