ALFRED FESTA, trustee, *vs.* CLOSURE COMPANY, INC. (and a companion
case[1]). June 24, 1982. Alfred Festa ordered delivery and installation of
twelve sliding glass doors and six kitchen windows from Closure Com-
pany, Inc. (Closure), for an apartment house which Festa was building in
Revere. Some or all of the doors leaked, giving rise to Festa's action for
damages and his refusal to pay Closure's bill. Closure brought an action
for the value of its labor and materials. The trial judge entered a judg-
ment in Festa's action requiring Closure to pay $1,000 and a judgment in
Closure's action requiring Festa to pay $7,584.58. Each party has ap-
pealed. On the basis of the sketchy material in the record appendix, we
take our facts entirely from the judge's findings, which, in any event,
"shall not be set aside unless clearly erroneous." Mass.R.Civ.P. 52(a), 365
Mass. 816 (1974).

The leaks occurred on a side of the building which faced the ocean. Al-
though Closure knew in a general way where the building was located,
the judge found that "there was no undertaking to provide a product espe-
cially designed for the unusual rigors of ocean-front conditions." Installa-
tion of a "storm sash unit" on each of the sliding doors stopped the leaks and
thereafter the door units "functioned properly." The judge made no find-
ing that the sliding doors were improperly installed or that the door units
supplied would not have functioned properly under normal conditions.

In effect the judge found that the seller, Closure, at the time of con-
tracting had no reason to know that the goods furnished, the door units,
were required for a particular purpose. G. L. c. 106, § 2-315. *Gilbert &
Bennett Mfg. Co.* v. *Westinghouse Elec. Corp.*, 445 F.Supp. 537, 548 (D.
Mass. 1977). Cf. *Dazien's Inc.* v. *Hodgman Rubber Co.*, 7 Mass. App.
Ct. 901 (1979). The goods were merchantable for ordinary use. See
G. L. c. 106, § 2-314; *Walsh* v. *Atamian Motors, Inc.*, 10 Mass. App. Ct.
828 (1980). We read the judge's reference to a "defect" in the sliding
doors to mean that the doors, as installed, did not withstand the unusual
wind and spray to which they were subjected. Closure had not been
called upon to contend with those elements. On the basis of the findings

---

[1] Closure Company, Inc. *vs.* Alfred Festa. Festa's complaint was filed in Suf-
folk County and that of Closure Company, Inc., in Middlesex County. The cases,
which arose from the same facts, were tried together in Middlesex. As the trial
judge observed, Closure's cause of action should have been raised as a counterclaim.

no ground existed for the recovery of damages by Festa against Closure. The judgment on Closure's claim for labor and materials is affirmed and judgment is to be entered for Closure on Festa's claim for damages.

*So ordered.*

*Anthony R. Conte* for Alfred Festa.
*Benjamin Wollins* for Closure Company, Inc.