Welsh, P.J.
This is a civil action sounding in contract, wherein the plaintiff seeks to recover a balance alleged to be due for work and materials furnished to the defendant at his request.
The answer admitted the existence of the contract, but denied the allegation that plaintiff had properly performed the contract. The defendant counterclaimed for damages allegedly due to erosion caused by plaintiff.
The court found for the plaintiff in the sum of $6,495.00 with interest and costs on the complaint and dismissed the counterclaim on the merits.
There was evidence tending to show the following: there was a precipice on land owned by defendant which abutted his house. The plaintiff’s representative told the defendant that simply putting loam on the cliff would not prevent erosion and that what was needed was a retaining wall at the base of the cliff. It was also suggested that a landscape architect or a water survey engineer was needed. The defendant refused to accept these recommendations and told the plaintiff to proceed with the loam and seeding. The plaintiff’s men proceeded to do the work after admonishing the defendant that they could not guarantee the result.
The defendant’s version was somewhat different. He professed to have no memory of such a conversation, asserting simply that plaintiff agreed to do the work and to try to keep the costs down.
The work was completed and defendant made several payments after which he refused to pay because he said the condition of the bank was unsatisfactory.
The judge warrantably found that the plaintiff did tell the defendant to engage a landscape architect to do the job right, and that despite the receipt of such cautionary advice by the plaintiff, who knowingly chose to proceed without a landscape architect. The work was not done improperly but unhappily for the defendant, erosion rendered the work done useless to the defendant.
*190 The defendant sought to have the judge rule, in response to his seasonably filed requests for rulings, that the warrantly provisions of General Laws Chapter 106, Article 2 were applicable. The judge declined to so rule.
We conclude that the judge was right. With rare exceptions, courts recognize a distinction between a contract for the sale of goods and a contract for the performance of services, although the passage of title may be involved. Perlmutter v. Beth David Hospital, 308 N.Y. 100, 123 NE 2d 792 (1954). A contract which is predominantly for the rendition of services, even though it contemplates the furnishing of certain items, is not a transaction in goods. Such a contract is not governed by Article 2 of the Uniform Commercial Code. In Lincoln Pulp & Paper Co. Inc. v. Dravo Corp., 436 F. Supp. 262, 265. (D. Me. 1977), a contract for engineering and construction of a heat and chemical recovery unit for a fixed fee without a break down between engineering or other services and material costs was held not to be a contract for the sale of goods subject to Article 2.
Similarly in Gulash v. Stylarama, Inc. 33 Conn. Sup. 108, 364 A. 2d 1221 (1975), a contract to furnish labor and materials for the construction of a swimming pool with vinyl liner was held not to be a “transaction in goods” or a sale of goods under § 2-105(1). Where a transaction is essentially one for the rendition of services, and the materials are only incidental to the main purpose of the agreement, the contract is not one for the sale of goods under Article 2 of the Uniform Commercial Code. Accord: Victor v. Barzaleski, 19 D. & C. 2d 698, 701 (1959).
A similar test has been applied in Masachusetts. In White v. Peabody Construction Co., Inc., 386 Mass. 121 (1982), a group of tenants brought action against the developer at a large housing complex, alleging various design and construction defects resulting in water leaks in the apartment untis and in other locations. The trial judge dismissed the action on the ground that the claims were barred by the Statute of Limitations applicable generally to negligence and warranty actions. The plaintiffs contended that their complaints were timely under General Laws Chapter 106 § 2-318, the Statute of Limitations for breaches of warranty for the sale of goods. The Supreme J udicial Court rejected this contention, holdong that this was not a transaction in goods under § 2-105(1). “Contracts whose predominant factor, thrust or purpose is the rendition of services are not within the scope of Art. 2.” Id at 132.
Clearly, the primary thrust or purpose was not the sale and delivery of loam, but the installation or grading of surface materials with a view toward thwarting or controlling erosion. The defendant is not really complaining that the loam or fill provided was defective. Rather, it is the plaintiffs manner of application of these materials which forms the gravamen of the defense.
There are a few cases in other jurisdictions that arguably reach a contrary result. In Burton v. Artery Company, Inc., 367 A. 2d 935 (C. Md. 1977) a contract of the installation and sale of 600 trees and shrubs and to install a substantial amount of sod was held to be a sale with labor incidentally involved. Unlike the instant case, there was a specific guarantee of the plants and trees for a period of one year from the date of installation. The court placed considerable emphasis upon the very substantial number of trees, shrubs, and sod to be supplied and concluded that the predominant factor, thrust or purpose was a transition of sale with labor incidentally involved. Id. at 946.
The trial judge warrantably concluded that the primary purpose of the contract was the rendering of service that the supplying of goods was merely incidental. Iacovelli v. Russell, 1984 Mass. App. Div. 231, 232-233; Raffel v. Perley, 14 Mass. App. Ct. 242, 247 (1982). Compare Dazien’s Inc. v. Hodgman, 7 Mass. *191 App. Ct. 901 (1979).
Finally, the court was not required to rule, as a matter of law on conflicting evidence, that plaintiff breached its contract with the defendant. Under the circumstances, this was a question of fact for the trial judge. See MacDonald v. Kavanaugh, 259 Mass. 439, 443 (1927); Cole v. J.R. Hampson & Co., Inc., 269 Mass. 5, 11, (1929).
We find no error of law in the rulings complained of. Report dismissed.
So ordered.