Black, P.J.
This case comes before the court upon a petition to establish a report. The issue which the petitioner seeks to have reviewed involves the authority of a District Court judge to impose counsel fees and costs under G. L. c. 231, § 6F.
The appellate record discloses that the plaintiff, Paul F. Mullen, commenced a civil action in the Newton Division of the District Court Department, against the defendant, Joseph C. Connolly, to recover on two four thousand dollar ($4,000.00) checks which the plaintiff alleged that the defendant did not honor. The Newton case (No. 56400) was later transferred to the Quincy Division of the District Court Department, and there consolidated with a similar action between the same parties (No. 56266). Thereafter, the defendant moved to dismiss both actions on the grounds that the plaintiff had commenced a similar action in the Cambridge Division of the District Court Department prior to commencing either the Newton or Quincy actions. After hearing, the motion to dismiss was allowed, whereupon the defendant filed a motion for counsel fees, costs and expenses. On that motion, the trial judge found that the defendant’s assertion had not been substantively disputed by the plaintiff. He made affirmative findings that the plaintiffs claims in the Newton and Quincy actions were “frivolous and not advanced in good faith.” He also determined that the plaintiff knew that there was a civil action for the same cause of action pending in the Cambridge Division when the Newton and Quincy actions were brought. That the plaintiff persisted in maintaining all three causes of action ever after the issue of the multiple actions had been raised by the.defendant. Only after extensive discovery and a great deal of legal work on the part of counsel for the defendant were these matters disposed of by the motion to dismiss. The trial judge specifically found that “[t]he only purpose served by the two actions pending in Quincy was to harass and delay the defendant.” Accordingly, he allowed the defendant’s motion and awarded the sum of $11,540.77 in attorney’s fees to the defendant pursuant to G. L. c. 231, § 6F. According, to the docket entries, the motion and assessment were made December 11,1987. Ajudgment of dismissal was entered on December 17, 1987, with total costs of $11,540.77. The trial judge also carefully articulated the method by which he calculated his award of attorney’s fees to the defendant and there is apparently no assertion by the plaintiff that the award per se was unreasonable.
The plaintiff thereafter filed a motion for relief from judgment. That motion *165 was also denied, and the defendant filed an amended motion for attorney’s fees and expenses. Another justice of the Quincy Division allowed the defendant’s motion and assessed the plaintiff an additional $1,593.75 on January 25, 1988. No request for rulings, notice of appeal or request for a report were filed in connection with dismissal of the case or either assessment of attorney’s fees. ,
Some nine months later, the plaintiff sought to vacate the assessment of attorney’s fees on the grounds that the assessments were void for lack of jurisdiction of a District Court judge to make such an award under G. L. c. 231, § 6F. As justification for his delay in seeking relief from the assessment, the plaintiff stated that he had awaited the outcome of the civil action filed in the Cambridge Division. Apparently the defendant, had appealed that case to the Northern Division of the Appellate Division but later withdrew his appeal. The plaintiff contends that he had hoped to raise the issue of the authority of a District Court judge to impose attorney’s fees under G. L. c. 231, § 6F as part of that appeal. Now that that avenue of recourse is unavailable, he seeks to achieve that end through a motion to vacate in the Quincy Division. The defendant opposed the motion, pointing out that this was the fourth time that the plaintiff had addressed the same issue, having lost all three of his previous motions.
The trial judge denied the plaintiffs motion on September 16, 1988. The plaintiff filed a notice of appeal and request for a report on September 26, 1988. The parties were unable to settle the report with the trial judge and the plaintiff requested that the trial judge disallow the report in order that the plaintiff might file a petition to establish the report. The trial judge disallowed the report, but by memorandum with respect to the draft report noted that his inability to settle the report centered upon the plaintiffs insistence on raising the propriety of the ruling which he made on December 11, 1987 through a draft report filed over nine months after the ruling. The trial judge further noted that in his view the only issue open for appellate review was his ruling on the most recent motion by the plaintiff to vacate the award of attorney’s fees.
In his petition to establish a report, the plaintiff clearly endeavors to secure appellate review of the correctness of the trial judge’s award of attorney’s fees in December 1987, pursuant to G. L. c. 231, § 6F, and which he has made the subject matter of three subsequent motions to vacate,'only the last of which was appealed. In effect, the plaintiffs sole basis of appeal is predicted upon the lack of jurisdiction of the trial judge to make an award of attorney’s fees under G. L. c. 231, § 6F.
As to the matter of “j urisdiction,” a court’s judgment is void only if it “lacked jurisdiction over the parties, jurisdiction over the subject matter, or failed to provide due process of law” (see Bowers v. Board of Appeals of Marshfield, 16 Mass. App. 29 (1983). Consequently, if the trial judge, in fact, erred in his application of G.L. c.231, § 6F, it stands on no different footing than any other alleged error of law committed during the handling of a civil action. Clearly, the award of attorney’s fees in this case was not void for lack of jurisdiction.
As a practical matter, the plaintiffs assertion that G. L. c. 231, § 6F, is not applicable to District Court proceedings appears to be correct due to the fact that the District Court Department is not included within the definition of “court” as set forth in § 6E. While the defendant acknowledges the correctness of the plaintiffs contention in this respect, he points out that G. L. c. 261, § 1 provides:
“In civil actions the prevailing party shall recover his costs, except as otherwise provided.”
*166 He also points out that nowhere in c. 261 are attorney’s fees not recoverable. Similarly, Dist./Mun. R. Civ. P., Rule 64 (d) provides that:
“... costs shall be allowed as of course to the prevailing party unless the court otherwise directs.”
The defendant further notes that in its dicta the Supreme Judicial Court in Lincoln Street Realty Company v. Green, 374 Mass. 630, 631 n. 1 (1978) indicated that attorney’s fees might be awarded in a District Court matter when the losing party acts in bad faith. Later, in Miaskiewicz v. LeTourneau, 12 Mass. App. Ct. 880 (1981), the Appeals Court stated:
... [A] showing of bad faith gives rise to one of the traditional exceptions to the general American rule that counsel fees are not part of the costs awarded to a successful litigant. See Hall v. Cole, 412 U.S. 1, 5 (1973); Hutto v. Finney, 437 U.S. 678, 689 & n. 14 (1978); Copeland v. Martinez, 603 F. 2d 981, 991-992 (D.C. Cir. 1979), cert. denied, 444 U.S. 1044 (1980). 6 MOORE’s FEDERAL PRACTICE par. 54.77(2) (2d ed. 1976). It is by no means evident that counsel fees would not have been awarded in this case even without the enactment of G. L. c. 231, § 6F. See Mass. R. Civ. P. 56 (g), 365 Mass. 825 (1974) (attorney’s fees payable if affidavits ‘presented in bad faith’). See also Mass. R. Civ. P. 37(a) (4), 365 Mass. 798 (1974); Bournewood Hosp., Inc. v. Massachusetts Commn. Against Discrimination, 371 Mass. 303, 317 (1976); Brancaleone v. Parisi, 3 Mass. App. Ct. 566, 573-574 (1975).
Therefore, the defendant contends that the District Court has inherent authority to award attorney’s fees against a party who acts in bad faith. .
While such inherent authority may very well exist it is unnecessary to decide this issue in light of our determination that the trialjudge’s award of attorney’s fees was not void for lack of jurisdiction. The plaintiff obviously failed to act to preserve his right of appeal when the trial judge initially awarded attorney’s fees to the defendant by failing to request a report within ten days of the allowance of the defendant’s motion for attorney’s fees, if he felt aggrieved by the Court’s decision, as provided by Dist./Munc. Cts. R. Civ. P., Rule 64(c) (1) (i). Having failed to do so, his right of appeal was lost (see Nickerson Lumber Company v. Cobb, 1981 Mass. App. 193, 194). That right may not be resurrected by means of subsequent motions designed to rehear the same issue. Such a “piggyback” approach is not allowed under the rules. (See Konieczny v. Sullivan, 1987 Mass. App. 11, 12). In conclusion, the plaintiffs, attempt to appeal comes too late.
The petition to establish is dismissed.