Sabra, J.
This is an appeal from a dismissal of an action which the trial judge found to be time-barred by the Uniform Commercial Code and its four year statute of limitations. The plaintiff in this case brought suit against the landscape company for breach of contract and for negligence having to do with locust trees that were planted by the defendants and were damaged or destroyed in a storm several years after the original work had been done. The negligence count was previously dismissed since the statute of limitations had expired. The issue before the trial judge, and the only issue which is before us on appeal, is whether the breach of contract action is governed by the Uniform Commercial Code and its shorter four year statute of limitations. Upon consideration of the record before us, we find that the “predominant purpose” of the contract in this case was for landscape services rather than the “sale of goods” thus making the provisions of the U.C.C. inapplicable. Accordingly, we reverse the judgment of dismissal and remand the case for further proceedings.
The facts of this case are relatively straight forward: the plaintiff contracted with the defendant in July of 1992 for landscaping work to be performed on the plaintiffs property. The contract price was $15,300 and included the provision and installation of plants, shrubs and trees according to a comprehensive landscaping plan. The trees, shrubs and plants were to be selected by the plaintiff with the assistance of the defendant at various nurseries. The defendant is not a nursery. In addition, the defendant mulched the planting beds and performed the grading work and labor to place the trees, shrubs, and plants according to the landscape design prepared by the president of the defendant landscaping company.
The landscaping work was performed between August and October of 1992. Several months later the plaintiff complained of problems with certain shrubbery and three locust trees which had been planted by the defendant. In May of 1993, the defendant agreed to return to the plaintiffs property to correct, repair or replace any problem trees and shrubbery. The additional landscaping services were performed in July of 1993 for no further consideration.
The plaintiff filed the instant complaint on November 18, 1997. The defendant filed a motion to dismiss which was allowed as to the negligence count because the statute of limitations had expired. The defendant’s subsequent motion for summary judgment was denied and the matter was set for trial on or about July 9, 1999. The trial judge issued Findings of Fact, Rulings of Law and Judgment in favor of the defendant on July 27,1999, ruling that the Uniform Commercial Code governed this contract for the “sale of goods” which therefore barred the plaintiffs complaint because of the four year statute of limitations. The plaintiff then filed the instant expedited appeal.
We begin by stating that the trees, shrubs and plants provided by the defendant *141 are “goods” within the meaning of the U.C.C. which is contained in G.L.c. 106, Section 2-105. Lambert v. Kysar, 983 F.3d 1110 (1st Cir. 1993); see also Oda Nursery, Inc. v. Garcia Tree & Lawn, Inc., 103 N.M. 438 (1985); Burton v. Artery Company, Inc., 279 Md. 94, 367 A.2d 935 (1977). “Goods” are defined as all things which are movable (including specially manufactured goods) and includes “growing crops and other identified things attached to realty as described in the section on goods to be severed from realty (section 2-107).” G.L.c. 106, Section 2-105. “A contract for sale apart from the land of growing crops or other things attached to realty and capable of severance without material harm thereto” also falls within the U.C.C. definition of a contract for sale. G.L.c. 106, Section 2-107 (2). In our view, the trees, shrubs and plants that were grown at a nursery, severed, and replanted at the plaintiffs residence fall squarely within the definition of “goods” pursuant to Article 2 of the U.C.C.
However, the inquiry does not end with this determination. “Contracts whose predominant factor, thrust or purpose is the rendition of services are not within the scope of Article 2.” White v. Peabody Construction Co., Inc., 386 Mass. 121, 132 (1982). In a case such as this, which involves a mixed contract for the sale of goods and services, the court must evaluate whether the contract was for the rendition of a service with goods incidentally provided, or is a transaction for the sale of goods with labor incidentally involved.
Several key factors point to this being a contract for landscape services in which goods were incidentally provided. First, the scope of the project was extensive, spanning several months to complete. Second, the project entailed the development or use of a landscape design, grading the soil, preparing and mulching plant beds, and then the purchase and planting of the trees, shrubs and plants. This made the project labor intensive rather than mere provision of goods. In addition, we note that the plaintiffs primary complaint stems from the landscaping services provided, not the plant and trees themselves. Specifically, the complaint alleges that the defendant failed to perform the work in a “workmanlike manner” and as a result certain trees and shrubs died. Another factor which supports a finding that this was predominantly a service contract is that the defendant is not a nursery that merely provides the materials, but is a landscaping company which has a full range of services available to a client.
In a similar case, Gallo Construction Company, Inc. v. Ghetti, 1985 Mass. App. Div. 189 (1985), the court found that the contract was predominantly one for the rendition of services, not the sale of goods. There, the landscaping contract was intended to prevent the erosion of a bank on the homeowner’s property. The landscaping contractor had recommended that a landscape architect develop a plan to prevent the erosion. The homeowner rejected the recommendation and requested the landscaper to simply install loam and grass seed. The contractor performed the work and the homeowner refused to pay the remaining balance claiming the results were unsatisfactory. The contractor sued for the balance. In upholding the trial judges determination that the contract was for services, the Appellate Division stated, “[cjlearly, the primary thrust or purpose was not the sale and delivery of loam, but the installation or grading of surface materials with a view toward thwarting or controlling erosion.” Id. at 190.
Similarly, the contract here had as its main thrust the design, layout, grading and beautification of the plaintiffs property. Incidental to this was the purchase of trees, shrubs and plants. The approximate time span of three months for the completion of the landscaping project evidences more than the mere purchase of “goods.” For these reasons, we decide that the predominant purpose of the contract was for the rendition of landscaping services. The trial judge erred in ruling otherwise.
Having decided that the instant contract was for services rather than goods, the *142 statute of limitations of four years under the U.C.C. is inapplicable. White v. Peabody Construction Co., Inc., 386 Mass. 121, 132 (1982). Instead, the breach of contract count is subject to the usual six year statute of limitations and the case should not have been dismissed.
Lastly, as a result of our finding that the plaintiffs claim is still viable, the question of whether the plaintiffs claim was frivolous is not properly before us on appeal. In any event, the statute upon which the defendant relies, G.L.c. 231, Section 6F, does not apply in the district court. G.L.c. 231, Section 6E. Taupa Lithuanian Fed. Credit Union v. Bajercius, 1997 Mass. App. Div. 31, 32 n.3; Marino v. Kandris, 1997 Mass. App. Div. 129, 131; Nissenbaum v. McGovern, 1995 Mass. App. Div. 153, 154; Mullen v. Connolly, 1989 Mass. App. Div. 164, 165. Therefore, there can be no error in the court’s failure to award damages under the motion for determination of a frivolous action filed by the defendant.
Accordingly, we reverse the judgment of dismissal and remand the case to the district court for further proceedings in accordance with this opinion.
So ordered.