Coven, J.
This is a Dist./Mun. Cts. R. A D. A, Rule 8C appeal by the plaintiff of the trial courfs award of attorney’s fees to the defendant as a sanction for the plaintiff’s alleged unprofessional conduct.
This action was brought in two counts for breach of contract and recovery in quantum meruit The record indicates that the defendant had been provided office space and other services in the plaintiffs law office. The fees which the defendant earned for her legal services and the portion of the same which were contributed to the plaintiffs office were calculated on the basis of an oral agreement between the parties. The defendant eventually left the plaintiff’s law office and took with her a number of the cases she had been handling. One of these cases was eventually settled for $300,000.00, of which $100,000.00 represented attorney’s fees. The plaintiff instituted this suit to recover a portion of that legal fee pursuant to the parties’ earlier oral contract
The plaintiff’s initial complaint was filed in the District Court Department in April, 1991 against the present defendant and a dozen additional individuals and insurance companies. The plaintiff sought enforcement of an attorney’s lien pursuant to G.L.c. 221 and recovery in quantum meruit. The defendants filed a motion to dismiss on the grounds that the Superior Court Department had exclusive jurisdiction over an attorney’s fee lien. The defendants’ motion to dismiss was allowed. On May 26,1992, the plaintiff filed a motion for relief from judgment and to amend the complaint as against the defendant only on the basis of contract and quantum meruit claims. The plaintiff’s motions were allowed on June 5,1992.
The trial court found that the plaintiff filed pleadings and discovery requests which were designated solely to harass the defendant. On the first day of trial, the plaintiff attempted to enter into evidence, at one time, two hundred and ninety-five exhibits which consisted of three to five thousand pages. The trial itself lasted for two and a half days. Athough the plaintiff was represented by counsel, he chose to conduct the cross-examination of the defendant personally. This was the only portion of the trial which the plaintiff handled himself.
On April 5, 1994, the court entered judgment for the defendant. One week later, the defendant filed a motion for attorney’s fees, to which the plaintiff submitted written opposition. A hearing was held on June 27, 1994. Eight months later, on March 17, 1995, the court entered an order awarding attorney’s fees to the defendant in the amount of $11,500.00.[2] The plaintiff now appeals said order.
*154 1. Canon 3 (B) (3) (b) of the Code of Judicial Conduct provides, in relevant part, that “if a judge shall become aware of unprofessional conduct by a judge or lawyer ... in the instance of a lawyer he shall initiate appropriate investigative or disciplinary measures [emphasis supplied].” The express, unequivocal language of the Canon indicates that the only appropriate remedial action available to a judge who observes what he or she deems to be unprofessional conduct by a lawyer is to report such conduct for investigation or disciplinary action by the Board of Bar Overseers. Nothing in the Canon authorizes or permits a judge to assess attorney’s fees or impose any other sanctions against an attorney whose behavior has offended the court.[3]
2. As the prevailing party in this action, the defendant could have recovered attorney’s fees pursuant only to statutory authorization, rule of court or a contractual provision. Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 780 n.12 (1986); Lincoln St. Realty Co. v. Green, 374. Mass. 630, 631 (1978). The defendant’s motion for attorney’s fees was predicated on G.L.c. 231, §6F and Dist./Mun. Cts. R. Civ. P., Rule 11. Neither ground constituted, however, a proper basis for the allowance of the defendant’s motion.
3. Section 6F of G.L.c. 231 provides for the award of reasonable attorney’s fees and other costs and expenses in cases of insubstantial, frivolous or bad faith claims or defenses. It is clear from §6E of G.L.c. 231, however, that §6F authority has not been extended to the District Court Department. Mullen v. Connolly, 1989 Mass. App. Div. 164, 165; Brentwood Nursing Home, Inc. v. Goldstein, 1986 Mass. App. Div. 8.[4] That statute could not have served, therefore, as a proper basis for the ruling at issue herein.
4. Nor does Dist./Mun. Cts. R. Civ. R, Rule 11(a) authorize a trial court to award attorney’s fees. See New England Allbank for Savings v. Rouleau, 28 Mass. App. Ct. 135, 141 n.5 (1989) (comparing Federal Rule 11). Rule 11(a) mandates that all pleadings shall be signed by an attorney to certify that good grounds exist to support the same. The Rule’s express remedy for a violation thereof is to strike the pleading. See U.S. Funding, Inc. of American. Bank of Boston Corp., 28 Mass. App. Ct. 404, 408 (1990). For willful violations, an attorney maybe subjected to appropriate disciplinary action.
5. Finally, the defendant has cited no authority for the proposition that a district court judge’s inherent power to secure the effective administration of justice per se authorizes a district court judge to award attorney’s fees as a sanction. A court’s authority to assess costs against an attorney who acts in bad faith, see Beit v. Probate & Family Court Dept., supra at 859-860, is not the equivalent of the authority to order the payment of the opposing party’s attorney’s fees. See Bournewood Hospital, Inc. v. Massachusetts Comm. Against Discrim., 371 Mass. 303, 312-313 (1976).
Accordingly, the trial court’s allowance of the defendant’s motion for attorney’s fees is hereby reversed, the court’s award of such fees is vacated and this case is returned to the trial court for the entry of the appropriate judgment.
So ordered.

The court ruled, inter aha, that “pursuant to Canon 3(B) (3) (b) that... if a judge shall become aware of unprofessional conduct by ... a lawyer, he shall institute appropriate investigative or disciplinary measures, I respect [sic] the motion of the defendant, Margaret McGovern and order the plaintiff to pay legal fees in the amount of $11,500, which I feel is an appropriate discipline pursuant to the above mentioned canon of judicial responsibility. I arrive at this figure as the amount of additional expense caused to the defendant as the result of this overblown and vexatious litigation.”

Even if the court were so authorized, the lawyer would still be entitled to prior notice and an opportunity to respond to an allegation of improper conduct prior to any order for sanctions. Beit v. Probate and Family Court Dept. 385 Mass. 854, 860 (1982).

There seems to be little justification in the present day for a denial to the district court of the same authority granted to other trial court departments in this Commonwealth to award attorney’s fees or other costs against a party who has presented insubstantial, frivolous or bad faith claims. Until the Legislature amends G.L.c. 231, §6E, however, the district court is without such authority.