JANE DOE & another[1] *vs.* NUTTER, McCLENNEN & FISH
& another.[2]

No. 95-P-1341.

Suffolk. May 10, 1996. - August 16, 1996.

Present: SMITH, PORADA, & IRELAND, JJ.

*Privileged Communication. Attorney at Law,* Canons of ethics, Signing of
pleadings and other court papers. *Appeals Court,* Appeal from order of
single justice. *Practice, Civil,* Frivolous action. *Rules of Appellate Proce-
dure. Rules of Civil Procedure.*

A letter from an attorney, responding to a G. L. c. 93A demand letter and
stating that the demand letter was defamatory, was absolutely privileged
as a communication by an attorney preliminary to the initiation of a
legal proceeding (the threatened c. 93A litigation), and claims for viola-
tion of G. L. c. 93A, violation of the Massachusetts Civil Rights Act,
invasion of privacy and intentional infliction of emotional distress based
on the attorney's response were properly dismissed. [140-141]
S.J.C. Rule 3:07, Canon 7, DR 7-104, does not create an independent cause
of action with respect to any alleged violation thereof. [141]
A Superior Court judge did not err in awarding counsel fees to defendants
under Mass.R.Civ.P. 11 for plaintiffs' attorney's bad faith pursuit of
meritless claims. [141-143]
A single justice did not abuse his discretion in imposing sanctions for
plaintiffs' counsel's insertion of scandalous and impertinent material in a
petition under G. L. c. 231, § 118, first par. [143-144]
This court concluded that an appeal from a civil judgment and from orders
of a motion judge and a single justice assessing sanctions was frivolous
and accordingly awarded double costs against plaintiffs' counsel. [144]

CIVIL ACTION commenced in the Superior Court Depart-
ment on December 17, 1993.

Motions to dismiss and for sanctions under Mass. R. Civ.
P. 11 were heard by *Martha B. Sosman,* J.

After a proceeding for interlocutory appeal was heard in

[1]Richard Doe.
[2]Alan Rose.

the Appeals Court by *Laurence, J.,* a motion for entry of separate and final judgment was heard by *Herman J. Smith, Jr.,* J.

*Matthew Cobb* for Jane Doe.

*Joseph G. Blute (Glenn E. Deegan* with him) for the defendants.

PORADA, J. After a separate and final judgment was entered in the Superior Court dismissing plaintiffs' claims against the defendant law firm, Nutter, McClennen & Fish (NMF), and one of its partners, Attorney Alan Rose, for violation of G. L. c. 93A, violation of the Massachusetts Civil Rights Act, invasion of privacy, and intentional infliction of emotional distress, the plaintiffs filed this appeal. The plaintiffs' claims arose out of a response by the defendant Rose on behalf of a client, South Shore Neurology Associates, Inc. (South Shore), to a thirty-day G. L. c. 93A demand letter that the plaintiffs' counsel had sent to South Shore. The plaintiffs argue that the motion judge erred in (1) dismissing their claims on the ground that they were barred by the absolute privilege which attaches to communications by an attorney preliminary to the initiation of legal proceedings; and (2) in imposing sanctions under Mass.R.Civ.P. 11, 365 Mass. 753 (1974), upon plaintiffs' counsel for filing this action against NMF and Rose. The plaintiffs also argue that a single justice of this court erred in imposing sanctions upon their counsel. We affirm and award double costs against plaintiffs' counsel based on the frivolous nature of this appeal.

We summarize the pertinent undisputed facts from the record. On February 1, 1992, the plaintiffs' attorney sent a thirty-day demand letter pursuant to G. L. c. 93A to South Shore. In that letter, plaintiffs' counsel alleged that his client had been sexually assaulted during a physical examination performed at South Shore's offices and that if South Shore did not respond with a reasonable offer of settlement, an action would commence. On March 27, 1992, Rose responded to the demand letter on behalf of South Shore. In his written response to plaintiffs' counsel, he denied that an assault had taken place and stated at the end of the letter that "[y]our February 1, 1992 letter is defamatory. [The doctor] and South Shore have excellent reputations, and both fully believe that your client's conduct in accusing [the doctor] of sexual and professional misconduct is actionable." Rose also sent a copy of this letter to the plaintiff, Jane Doe.

In November, 1992, the plaintiffs filed a complaint in the Superior Court against the defendants named in this proceeding. At about the same time, the plaintiffs served the defendant Rose with a thirty-day demand letter under G. L. c. 93A claiming that the mailing of a copy of South Shore's response directly to the plaintiff was a violation of the canons of ethics and subjected the defendants to civil liability. In this letter, plaintiffs' counsel referred to South Shore and the doctor as "NMF and Rose's (former?) clients." In response to the filing of the complaint, a copy of which had been mailed to the defendants but not served upon them, NMF and Rose replied that any action against them was barred on several grounds, including an absolute privilege relating to statements made by an attorney relative to proposed litigation, and cited applicable case law on the subject. This action was subsequently dismissed for failure of the plaintiffs to serve the defendants.

In December, 1993, the plaintiffs filed their complaint in this action in the Superior Court. This complaint contained the very same claims as the first complaint which had been dismissed for lack of prosecution. Rose and NMF filed a motion to dismiss based on several grounds, including the ground that the claims asserted were barred by the absolute privilege which attaches to communications by an attorney preliminary to the initiation of a legal proceeding. They also filed a motion requesting counsel fees under G. L. c. 231, § 6F, Mass. R.Civ.P. 11, and the inherent power of the court. The judge dismissed the plaintiffs' complaint on the grounds that the contents of the letter or the mailing of the letter to Jane Doe did not give rise to civil liability against the defendants. The judge stated that she would allow the motion for attorneys' fees against plaintiffs' counsel under rule 11 but not under G. L. c. 231, § 6F.[3] After hearing the parties and reviewing the affidavit submitted for attorneys' fees and costs by counsel for NMF and Rose, the judge awarded NMF and Rose $4,000 in attorneys' fees. The award was based on her findings that plaintiffs' counsel was aware before filing suit that he did not have a viable cause of action against the defendants and that his actions were prompted by a desire to deprive South Shore of its chosen counsel.

Pursuant to G. L. c. 231, § 118, par. 1, the plaintiffs ap-

---

[3]The motion judge opined that G. L. c. 231, § 6F, applied only to "parties," and not their attorneys.

pealed the dismissal of their claims and the award of counsel fees to the single justice of the Appeals Court. Finding that the Superior Court judge did not abuse her discretion or commit an error of law, the single justice dismissed the petition but imposed sanctions[4] under Mass.R.A.P. 25, as amended, 378 Mass. 925 (1979), against plaintiffs' counsel for his scandalous and impertinent remarks in which he accused the Superior Court judge of bias, unethical conduct, and inappropriate susceptibility to influence by NMF and Rose. A Superior Court judge allowed entry of a separate and final judgment in favor of NMF and Rose. The plaintiffs then filed this appeal. We now address the merits.

1. *Dismissal of plaintiffs' claims.* The plaintiffs argue that Rose's response to their thirty-day demand letter to South Shore was actionable because his threat to bring a law suit against plaintiff Jane Doe did not relate to a legal proceeding which was contemplated in good faith and which was under serious consideration. *Sriberg* v. *Raymond,* 370 Mass. 105, 108-109 (1976). The plaintiffs base their argument on the grounds that their accusation of misconduct against South Shore and the doctor was contained in the privileged thirty-day demand letter, see *Theran* v. *Rokoff,* 413 Mass. 590 (1992), and consequently any threat by the defendants to sue based on that letter could not have been made in good faith or been the subject of serious consideration.

The plaintiffs, however, misconstrue the privilege which attaches to statements made by an attorney "in the institution or conduct of litigation or in conferences and other communications preliminary to litigation." *Sriberg* v. *Raymond,* 370 Mass. at 109. The privilege is absolute. *Theran* v. *Rokoff,* 413 Mass. at 591-592. *Robert L. Sullivan, D.D.S., P.C.* v. *Birmingham,* 11 Mass. App. Ct. 359, 361 (1981). An absolute privilege provides a complete defense even if the offensive statements are uttered maliciously or in bad faith. *Correllas* v. *Viveiros,* 410 Mass. 314, 319 (1991). *Mulgrew* v. *Taunton,* 410 Mass. 631, 634 (1991). In addition, the absolute privilege which attaches to those statements protects the maker from any civil liability based thereon. *Correlas* v. *Viveiros,* 410 Mass. at 324. *Robert L. Sullivan, D.D.S., P. C.* v. *Birmingham,* 11 Mass. App. Ct. at 367-368. See *Frazier* v. *Bailey,* 957

---

[4]The sanctions consisted of an award of attorney's fees in the sum of $3,244.50.

F.2d 920, 932 (1st Cir. 1992)(claims for negligence, defamation, intentional infliction of emotional distress, and violation of Massachusetts Civil Rights Act based on communications preliminary to litigation and during pendency of litigation were entitled to absolute immunity from civil liability under Massachusetts law). To rule otherwise would make the privilege valueless if an individual would then be subject to liability under a different theory. *Correlas* v. *Viveiros*, 410 Mass. at 324. *Robert L. Sullivan, D.D.S., P. C.* v. *Birmingham*, 11 Mass. App. Ct. at 367-368.

Here, there is no question that Rose's letter was in response to the plaintiffs' demand letter under G. L. c. 93A preliminary to litigation threatened by the plaintiffs. Accordingly, plaintiffs' claims, all of which originate from that response, were properly dismissed.

To the extent that any of the plaintiffs' claims were based on Rose's mailing a copy of the response directly to Jane Doe, which plaintiffs allege constitutes a violation of S.J.C. Rule 3:07, Canon 7, DR 7-104, 382 Mass. 786 (1981),[5] we conclude that they were also properly dismissed. Assuming without deciding that this conduct did violate the rule, the violation would not give rise to a cause of action against Rose and NMF. The disciplinary rules provide standards of professional conduct of attorneys and do not in and of themselves create independent causes of action. *Fishman* v. *Brooks*, 396 Mass. 643, 649 (1986). *Robert L. Sullivan, D.D.S., P.C.* v. *Birmingham*, 11 Mass. App. Ct. at 368-369.

2. *Rule 11 sanctions.* The plaintiffs argue that the motion judge erred in finding that their counsel pursued claims against NMF and Rose that he knew were "patently lacking in any even arguable merit" and that he did so "for the apparent purpose of depriving defendant . . . of its chosen counsel." Rule 11 provides, in pertinent part, that "[t]he signature of an attorney to a pleading constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is a good ground to

---

[5]Disciplinary rule 7-104 provides in pertinent part as follows: "(A) During the course of his representation of a client, a lawyer shall not: (1) communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so."

support it; and that it is not interposed for delay."[6] "Good ground" requires that the pleadings be based on "reasonable inquiry and an absence of bad faith." *Bird* v. *Bird,* 24 Mass. App. Ct. 362, 368 (1987). *New England Allbank for Savings* v. *Rouleau* 28 Mass. App. Ct. 135, 141 (1989). *Nemeroff* v. *Abelson,* 620 F.2d 339, 350 (2d Cir. 1980). See also Vairo, Rule 11: A Critical Analysis, 118 F.R.D. 189, 193 (1988).

We conclude that the motion judge did not abuse her discretion in awarding sanctions against plaintiffs' counsel to NMF.[7] See *Bird* v. *Bird,* 24 Mass. App. Ct. at 369 (abuse of discretion standard employed in determining whether rule 11 sanctions were warranted). See also *Cooper & Gell* v. *Hartmarx Corp.,* 496 U.S. 384, 405 (1990) (award of sanctions under cognate Federal rule 11 reviewed under abuse of discretion standard). Before filing the subject complaint, plaintiffs' counsel had been furnished with case law from NMF and Rose's counsel which indicated that a violation of professional canons of ethics did not give rise to a cause of action and that the absolute privilege which attaches to statements made by an attorney preliminary and pertinent to anticipated litigation immunized NMF and Rose from civil liability. Compare *Robinson* v. *Dean Witter Reynolds, Inc.* 129 F.R.D. 15, 21 (D. Mass. 1989) (plaintiff's counsel sanctioned under Federal rule 11 [1983] for opposing arbitration in face of clearly contrary legal authority which had been brought to his attention by opposing counsel).

In addition, the judge could properly determine that plaintiffs' counsel acted out of spite in instituting this action against NMF and Rose in an effort to remove them as South Shore's counsel in view of evidence that in his G. L. c. 93A demand letter to Rose he referred to South Shore as their "(former?) client[]," and in other correspondence stated, "I do not really care whether its NMF, F. Lee Bailey, or a kid right out of law school, NOBODY is going to do to my clients what NMF attempted and get away with it." Presented with

---

[6]Rule 11 is modeled after Federal rule 11 as it existed prior to its amendment in 1983. Federal rule 11 was again amended in 1993.

[7]We note that the plaintiffs did not raise as an issue whether attorney's fees may be awarded to an attorney pro se litigant under rule 11. Accordingly, we make no determination on that issue. See *Committe* v. *Dennis Reimer Co., L.P.A.,* 150 F.R.D. 495, 501-502 (D. Vt. 1993), for a discussion of an award of attorney's fees to pro se litigants under Federal rule 11.

this evidence, the motion judge could properly determine that plaintiffs' counsel acted in bad faith in joining Rose and NMF as party defendants in plaintiffs' litigation against South Shore and the doctor.

3. *Single justice sanctions under Mass.R.A.P. 25.* The plaintiffs argue that the single justice erred in imposing sanctions under Mass.R.A.P. 25 against their counsel based on the insertion of material in the G. L. c. 231, § 118, first par.,[8] petition which accused the motion judge of bias, unethical conduct, and inappropriate susceptibility to unspecified illegitimate influence by counsel for NMF and Rose. Their argument is limited to the contention that sanctions were not warranted based on the conduct of the motion judge and the impropriety of NMF and Rose being represented by an attorney from their firm.

Having reviewed the affidavit filed by plaintiffs' counsel in support of the petition for interlocutory review, we conclude that the single justice did not abuse his discretion in imposing sanctions. However, Mass.R.A.P. 25 provides that "[i]f the appellate court shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." Rule 1 of the Rules of Appellate Procedure defines "Appellate Court" as "the full Supreme Judicial Court, the full Appeals Court, or a statutory quorum of either, as the case may be." The rule makes no reference to a single justice of either court. Therefore, a single justice does not have the power to make such an award under Mass.R.A.P. 25 — an issue which was not raised by the plaintiffs and is, consequently, considered waived. Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). *Fifty-One Hispanic Residents of Chelsea* v. *School Comm. of Chelsea,* 421 Mass. 598, 604 (1996).

In any event, the single justice had the authority to make such an award under rule 11 of the Massachusetts Rules of

[8]Because the parties have not raised as an issue the timeliness of the petition filed with the single justice under G. L. c. 231, § 118, on September 29, 1994, and the state of the docket in the Superior Court is such that we are uncertain as to whether the orders were entered on August 12, 1994 (the date of entry shown on the docket), or on August 30, 1994 (the date shown on the docket as the date of notice to the parties), we assume that the single justice treated August 30, 1994, as the actual date of entry of orders and thus had jurisdiction to act in this matter. G. L. c. 231, § 118. Mass.R.Civ.P. 77(d), 365 Mass. 838 (1974).

Civil Procedure, which allows sanctions for the inclusion of "scandalous and impertinent" material in a pleading and which has been made applicable to single justice proceedings by Mass.R.Civ.P. 1, 365 Mass. 730 (1974). *Callahan* v. *Board of Bar Overseers*, 417 Mass. 516, 519 (1994).

Accordingly, we affirm the judgment dismissing the complaint and the orders of the motion judge and single justice assessing sanctions against plaintiffs' counsel. We also consider this appeal frivolous and award double costs against the plaintiffs' counsel.

*So ordered.*