Coven, J.
This is a Dist./Mun. Cts. R. A D. A, Rule 8A appeal in a routine contract case for the collection of a consumer credit card debt. The defendant charges error in the trial court’s award to the plaintiff of both attorney’s fees in excess of the amount of the judgment, and costs pursuant to Mass. R. Civ. R, Rule 11.
The plaintiff’s complaint sought recovery of an unpaid balance of $3,597.58 due on the defendant’s MasterCard account, $466.25 in interest, and estimated collection costs and attorney’s fees totalling $1,675.00. In his answer, the pro se defendant did not deny the debt, but instead stated that he had been unable to reach a settlement with the plaintiff, was unable to pay the full amount of the balance and would settle the claim for $3,350.00. After the allowance of an ex parte motion for trustee attachment, summary judgment was entered for the plaintiff.
The plaintiff’s claim for attorney’s fees was based on paragraph nine of the parties’ credit card agreement which provided, in relevant part:
Cardholder agrees to pay all costs incurred by issuer in collecting Cardholder’s indebtedness or in enforcing this agreement including reasonable attorney’s fees and also those costs, expenses and attorney’s fees incurred in appellate, bankruptcy and post-judgment proceedings, except to the extent such costs, fees or expenses are prohibited by law.
On February 22, 1996, plaintiff’s counsel filed an initial bill for attorney’s fees in the amount of $3,600.00 for 24 hours at counsel’s customary hourly rate of $150.00. At the assessment hearing on April 17,1996, counsel filed an amended bill seeking fees for an additional 10 hours at her usual rate. Finally, plaintiff’s counsel submitted an itemization of fees on June 21, 1996 which included hours for work performed subsequent to the assessment hearing. The total amount of attorney’s fees claimed was $5,400.00 for 36 hours and 40 minutes of work performed on this collection case at the hourly rate of $150.00.[1]
*32 The trial court entered judgment for the plaintiff in the amount of $3,597.58 plus interest on the contract claim, and awarded $5,100.00 for attorney’s fees.[2]
The defendant, by then represented by counsel, filed a motion to alter or amend the judgment on the grounds that $5,215.00 in attorney’s fees was plainly excessive, and that reasonable attorney’s fees in this case should have amounted to no more than twenty (20%) percent of the actual judgment, or $719.52. Plaintiff responded with a motion for costs, pursuant to G.L.c. 231, §6F[3] and Mass. R. Civ. P., Rule 11, as compensation for expenses incurred in responding to what it termed the defendant’s insubstantial, frivolous and bad faith motion to alter or amend judgment. The trial court allowed the plaintiff’s motion and assessed $638.00 in costs against defendant’s counsel “in the nature of [a] Rule 11 violation.” The court also denied the defendant’s motion to amend judgment.
1. It is undisputed that the plaintiff was entitled under paragraph 9 of the parties’ credit card agreement to recover reasonable attorney’s fees. The question of what amount constitutes a reasonable attorney’s fee requires the consideration of a number of factors, including
the ability and reputation of the attorney, the demand for his services by others, the amount and importance of the matter involved, the time spent, the prices usually charged for similar services by other attorneys in the same neighborhood, the amount of money or the value of the property affected by controversy, and the results secured.
Mulhern v. Roach, 398 Mass. 18, 24 (1986), quoting from Cummings v. National Shawmut Bank, 284 Mass. 563, 569 (1933). See also, Linthicum v. Archambault, 379 Mass. 381, 388-389 (1979). No one factor, including time spent or the amount of the recovery, is alone determinative, Margolies v. Hopkins, 401 Mass. 88, 93 (1987), and the weight to be accorded each factor by the trial judge will vary depending on the circumstances of each case. Mulhern v. Roach, supra at 24, 27. Thus the trial judge correctly rejected the defendant’s contention that attorney’s fees should have been assessed solely as a percentage of the amount of the plaintiff’s recovery which would have improperly rendered that single factor determinative of the award. See Sanitoy, Inc. v. Ilco Unican Corp., 413 Mass. 627, 633-634 (1992).[4]
The question of reasonable compensation for legal services rendered is one of fact for the trial judge, Guenard v. Burke, 387 Mass 802, 808 (1982); First Nat’l Bank of Boston v. Brink, 372 Mass. 257, 263-264 (1977), and the court’s finding on this issue will not be set aside unless clearly erroneous. Mulhern v. Roach, supra at 23. The court’s memorandum and order in this case discloses that the trial judge utilized the appropriate standard and considered all relevant factors in calculating *33 an award of reasonable attorney’s fees herein.[5] The court’s proper, detailed review of the dispositive factors renders harmless the court’s erroneous explication of the “strictly conservative principles” which guide the assessment of attorney’s fees payable in some cases out of a common fund or by the opposing party.[6] Based on the entire record and the totality of the court’s findings, the defendant cannot claim to have been prejudiced by the court’s refusal to apply conservative principles in this case.
2. There was error, however, in the court’s assessment of costs against defendant’s counsel pursuant to Mass. R. Civ. R, Rule 11, which requires that all pleadings be signed by a party’s attorney to certify that good grounds exist to support the claim advanced therein. By its express terms, Rule 11 provides that the sanction for a “willful violation” of the Rule is disciplinary proceedings against the attorney. See Nissenbaum v. McGovern, 1995 Mass. App. Div. 153, 154. While financial sanctions may be available for a violation of Rule 11 where an attorney acts out of malevolence, hostility or spite, see Doe v. Nutter, McClennen and Fish, 41 Mass. App. Ct. 137, 141 (1996), rev. den. 423 Mass. 1111 (1996), the record in this case did not warrant Rule 11 monetary sanctions against defendant’s counsel for seeking to alter or amend an award of attorney’s fees which greatly exceeded the amount of the judgment in a simple debt collection case.
Accordingly, the court’s award of “costs in the nature of a Rule 11 violation” against defendant’s counsel is hereby reversed and vacated. This case is returned to the trial court for the entry of a correct judgment reflecting the judge’s $5,100.00 award of attorney’s fees to the plaintiff.
So ordered.

 Neither the amendment to the plaintiffs original bill of costs, nor counsel’s June 21,1996 final itemization, were included in the Dist/Mun. Cts. R. A D. A, Rule 8A Expedited Appeal presented to this Division. We solicited copies of these documents from the trial court. It is incumbent upon both parties, appellant and appellee, to fulfill their obligations under Rule 8Aby insuring that all matters necessary for the determination of appellate issues are included in, or attached to, the Expedited Appeal. See Scalia v. Liberty Mutual Ins. Co., 1995 Mass. App. Div. 69, 70-71.

 A discrepancy exists in the judgment ordered by the court and the judgment entered by the clerk. While the court awarded $5,100.00 for attorney’s fees, the judgment entered and issued contained an award of $5,215.00 in attorney’s fees.

 It is clear from the express terms of G.L.c. 231, §6E that G.L.c. 231, §6F has no application in the District Court Department of the Trial Court. Spunt v. Green, 1994 Mass. App. Div. 27, 29, n. 5; Mullen v. Connolly, 1989 Mass. App. Div. 164, 165.

 While there is an “obvious utility” in using a percentage approach in applying the single factor of “the amount involved and the results obtained,” First Nat’l Bank of Boston v. Brink, 372 Mass. 257, 267 (1977), the assessment process cannot be concluded at this point and must encompass consideration of all other relevant factors.

 That this Division might have “reached a different conclusion, less favorable to the attorney’ is not relevant, Serlin v. Rotman, 371 Mass. 449, 451 (1976), as the standard for appellate review of a court’s assessment of attorney’s fees is not substituted judgment. Certainly the time spent by plaintiff’s counsel in this case was in some instances at the outside limit of what could be considered reasonable or appropriate. It is difficult to explain, for example, why counsel spent two full hours in simply filing suit in the trial court, one and one-half hours for drafting a simple standard ex parte motion for trustee process, or a full hour for writing a letter to a client regarding a hearing. While “time spent” is only one factor to be weighed by the court in determining reasonable attorney’s fees, it is incumbent upon a trial judge to scrutinize the reasonableness of the actual hours spent by counsel.

 “Strictly conservative principles” are applied in some cases of awards to counsel “in a non-voluntary, forced relationship” where the fees are to be paid by the losing party or out of a common fund, such as an estate. See First Nat’l Bank of Boston v. Brink, supra at 265, citing Lewis v. National Shawmut Bank, 303 Mass. 187, 191 (1939). The trial judge opined that because the defendant in this case had voluntarily executed a credit card agreement with the defendant which provided for the payment of attorney’s fees, there was a contractual relationship between the parties which was not a “non-voluntary, forced relationship.” The latter phrase signifies, however, the relationship of a party to opposing counsel or to a lawyer he has not retained which is to be distinguished from the voluntary contractual client relationship of a party with his own lawyer. See, e.g., Hayden v. Hayden, 326 Mass. 587, 596 (1950). The consumer credit contract between the plaintiff and defendant herein did not vitiate the adversarial context of their relationship, or create a voluntary relationship between the defendant and plaintiff’s counsel. The trial court’s confusion on this point did not, however, prevent a proper assessment of attorney’s fees based on controlling factors.