Merrick, J.
This is a Dist./Mun. Cts. RA.D A, Rule 8C appeal by the plaintiff of the denial of both his motion to file an appeal fee late and his G.L.C. 231, §102C request to retransfer this action. >.
This action for breach of a commercial real estate lease was commenced in the Superior Court and transferred for trial to the Gloucester Division of the District Court Department. Summary judgment was there entered for the defendant on the grounds that the action was barred on principles of res judicata and issue preclusion by a prior summary process judgment. The latter judgment is not at issue on this appeal.
*130 Summary judgment was entered on April 17, 1996. As the ten day period prescribed by Dist/Mun. Cts. RA.D A, Rule 4(a) expired on Saturday, April 27,1996, the plaintiff had until Monday, April 29,1996 to file a notice of appeal and filing fee. As indicated by the trial court clerk’s date stamp on the document itself, by the docket entries and by a later finding by a trial court judge, the plaintiff’s notice of appeal was not filed until Tuesday, April 30,1996. The notice was unaccompanied by the required filing fee. Plaintiffs counsel had apparently arranged for the fee to be filed by the plaintiff himself, and the fee was not received by the trial court until May 10,1996 when it was delivered in the form of a check drawn on the account of Gail Marino. By letter of May 13,1996, the clerk returned the check to Ms. Marino and advised her that the notice of appeal and fee should have been filed within ten days of April 17,1996.
Apparently unaware that the notice of appeal itself was late, plaintiff’s counsel filed a “Motion to File Appeal Fee Late” on August 14, 1996. The defendant opposed the motion on the grounds that the plaintiff’s notice of appeal itself was untimely and that neither a motion to extend the filing time for the notice of appeal, nor a demonstration of excusable neglect or other good cause, had been presented to the court. The trial court denied the plaintiff’s “Motion to File Appeal Fee Late” on August 27,1996.
On September 6,1996, the defendant filed a request for retransfer of the action to the Superior Court pursuant to G.L.c. 231, §102C. The defendant’s request was denied.
1. The trial judge could not have allowed the plaintiff’s “Motion to File Appeal Fee Late” given the feet that the notice of appeal was untimely filed.[1] No motion to extend the time for filing a notice of appeal has ever been submitted by the plaintiff. There are procedures under Dist/Mun. Cts. RADA, Rules 4(c)[2] and 14(b)[3] for obtaining an extension of time to file a late appeal. See Oyegbola v. DeSimone, 1995 Mass. App. Div. 91, 94-95. Those rules need not be discussed here except to note that they require either a “showing of excusable neglect or other good reason” or “good cause shown.” Thus even if the trial judge or this Division chose to treat the plaintiffs “Motion to File Appeal Fee Late” as including a request to file the notice of appeal late, the plaintiff would still not be entitled to relief as he has failed absolutely to make any demonstration of good cause. Plaintiffs counsel instead argued at the motion hearing on August 27,1996 that she mailed the notice of appeal on April 27,1996, and asserted in a later affidavit that “to the best of [her] knowledge and belief’ she hand delivered the notice *131 of appeal on April 29,1997. Such assertion is contrary to both trial court records and a specific finding by the judge.[4]
2. There was also no error in the denial of the plaintiffs G.L.c. 231, §102C request for retransfer.
A district court trial judge has no discretion to permit retransfer more than ten days after the entry of judgment. Griffin v. Powers, 1 Mass. App. Ct. 846, 847 (1973); Barrett v. Lynn Ladder & Scaffolding Co., 1994 Mass. App. Div. 217, 218. It is true that the Supreme Judicial Court has held that an appeal to the Appellate Division of a §102C transferred case effectively tolls the 10 day retransfer period, which then recommences after the decision of the Appellate Division. Bender v. Automotive Specialties, Inc., 407 Mass. 31, 35 (1990); Sroczynski v. Shell Oil Co., 394 Mass. 222, 224 (1985); Lubell v. First Nat’l Stores, Inc., 342 Mass. 161, 165 (1961). Even where a timely appeal to the Appellate Division was dismissed for procedural reasons rather than decided on the merits, the Court reasoned that “[ujntil the [appeal] was dismissed its pendency was as effective in preventing the case from being ready for retransfer as in any case where a party is successful in obtaining a ruling from the Appellate Division [emphasis supplied].” McGloin v. Nilson, 348 Mass. 716, 719 (1965).
To toll the statutory retransfer period, however, there must be a “viable” appeal to the Appellate Division. Hall v. Opacki, 1 Mass. App. Ct. 58, 61 (1973). In the instant case, there was no valid notice of appeal to the Appellate Division during the 10 days available for retransfer and thus no “pendency” of an appeal preventing the case from retransfer. A late notice of appeal to the Appellate Division, whether it is tardy by one day or one year, does not resuscitate the right of retransfer.
3. Rule 25 of the Dist./Mun. Cts. RADA, provides:
If the Appellate Division shall determine that an appeal is frivolous, or that either party has acted in bad faith in proceeding under these rules, it may award to the aggrieved party just damages and single or double costs, and such interest on the amount of the judgment as may be allowed by law.
The present case would warrant imposition of damages and double costs against the plaintiff. See Handman v. Spector, 1996 Mass. App. Div. 185, 187. “When the law is well settled, when there can be no reasonable expectation of a reversal, an appeal is frivolous.” Allen v. Batchelder, 17 Mass. App. Ct. 453, 458 (1984). Rule 25 damages may include attorney’s fees. Id. at 460.
However, the defendant has also sought counsel fees pursuant to G.L.c. 231, §6F which governs frivolous actions in certain courts. Section 6E of G.L.c. 231, which lists the courts in which §6F is applicable, does not include the District Court. Taupa Lithuanian Fed. Credit Union v. Bajercius, 1997 Mass. App. Div. 31, 32 n. 3; Nissenbaum v. McGovern, 1995 Mass. App. Div. 153, 154; Spunt v. Green, 1994 Mass. App. Div. 27, 29 n. 5; Mullen v. Connolly, 1989 Mass. App. Div. 164, 165; Brentwood Nursing Home, Inc. v. Goldstein, 1986 Mass. App. Div. 8. In view of the repeated decisions to this effect it would appear that efforts to recover under §6F in the District Court Department should themselves be regarded as frivolous. The defendant in this case will thus forfeit the Rule 25 damages and costs which we may otherwise have awarded.
*132 Accordingly, the trial court’s denial of the plaintiffs “Motion to File Appeal Fee Late” and of his request for retransfer are affirmed. Appeal dismissed.
So ordered.

 Pursuant to Dist./Mun. Cts. RADA, Rule 3(a), the “validity of the appeal” is contingent upon both the timely filing of a notice of appeal and payment of the filing fee.

 Rule 4(c) provides: “Extension of Time for Filing Notice of Appeal. Upon a showing of excusable neglect or other good reason, the trial court may extend the time for filing the notice of appeal by any party for a period not to exceed ten days from the expiration of the time otherwise prescribed by this rule. Such an extension may be granted before or after the time otherwise prescribed by this rule has expired. A request for an extension shall be made by motion with such notice as the trial court shall deemed appropriate, and in no event shall the court permit the filing of a notice of appeal later than 180 days after entry of the judgment or post-judgment order of which appeal is sought [emphasis supplied].”

 Rule 14(b) provides: “Enlargement of Time. The trial court or Appellate Division for good cause shown may upon motion enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time; but the time for filing a notice of appeal may not be enlarged beyond 180 days from the date of entry of the judgment or order sought to be reviewed [emphasis supplied].”

 This finding was made in response to a later motion by the defendant for a correction or modification of the record. At the motion hearing, plaintiff’s counsel asserted inter alia that clerk’s office personnel had been rude and had deliberately stamped and docketed her notice a day late. We also disregard plaintiff’s argument that tiie clerk’s office had some affirmative responsibility to notify her counsel that the appeal had been filed late. See Brown v. Quinn, 406 Mass. 641, 644 (1990).