Greco, J.
This is a Dist./Mun. Cts. RADA, Rule 8A appeal by the plaintiff of the trial court’s award of attorney’s fees to defendant Building 197/s following the allowance of summary judgment in the defendant’s favor.
Building 197A was one of five defendants (see note 1) originally sued by the plaintiff in this action in tort to recover for personal injuries sustained by the plaintiff in a fall at a shopping center. The plaintiff alleged that a worker sweeping the area near a shopping center exit hit the plaintiff’s foot, causing his fall and injuries. Not knowing who actually employed the sweeper, the plaintiff sued everyone, literally, in sight; namely, the shopping center operator and those of the center’s tenants located in close proximity to the area of the plaintiff’s fall. The defendant, Building 197/8, was the tenant closest to the exit in question.
The defendant filed a motion for summary judgment and a Mass. R. Civ. R, Rule 11 motion to strike the plaintiff’s complaint, which included a request for attorney’s fees and costs pursuant to G.L.c. 231, §6F. The trial court allowed both motions, entered summary judgment for the defendant and awarded the defendant $2,000.00 in attorney’s fees. The plaintiff’s motion for reconsideration was thereafter denied.
1. The sole basis for the defendant’s request for attorney’s fees was G.L.c. 231, §6F, which permits an award of reasonable attorney’s fees and other costs and expenses in cases of insubstantial, frivolous or bad faith claims or defenses. As this Division has repeatedly stated, it is clear from G.L.c. 231, §6E that “§6F authority has not been extended to the District Court Department.” Nissenbaum v. McGovern, 1995 Mass. App. Div. 153, 154. See also Marino v. Kandris, 1997 Mass. App. Div. 129, 131; Spunt v. Green, 1994 Mass. App. Div. 27, 29 n. 5; Mullen v. Connolly, 1989 Mass. App. Div. 164, 165. Accordingly, viewed narrowly as an award of attorney’s fees solely under §6F, the trial court’s award of $2,000.00 to the defendant cannot stand.
2. Apparently recognizing on this appeal the inapplicability of G.L.C. 231, §6F, the defendant now seeks to justify the court’s award of attorney’s fees under Mass. R. Civ. P., Rule 11, which the defendant had previously invoked as authority only for its request to the trial court to strike the plaintiff’s complaint. Rule 11 (a) provides that
[t]he signature of an attorney to a pleading constitutes a certificate by *170 him that he has read the pleading; that to the best of his knowledge, information, and belief there is a good ground to support it; and that it is not interposed for delay.
The “good ground” standard set forth in Rule 11 (a) “requires that the pleadings be based on ‘reasonable inquiry and an absence of bad faith.’” Doe v. Nutter, McClennen & Fish, 41 Mass. App. Ct. 137, 142 (1996), quoting from Bird v. Bird, 24 Mass. App. Ct. 362, 368 (1987). The Rule provides that a “willful violation” subjects the offending attorney “to appropriate disciplinary action.”
It would appear that “appropriate disciplinary action” may include the imposition of attorney’s fees. In U.S. Funding, Inc. of America v. Bank of Boston Corp., 28 Mass. App. Ct. 404 (1990), the Appeals Court stated that a party defending “against a frivolous, improperly motivated claim” should first seek relief by way of summary judgment; if it prevails on such motion, it “may then proceed in appropriate cases to avail itself of the remedies afforded by Rule 11 and by G.L.c. 231, §6F, which may include costs, damages and attorneys’ fees .’’ Id. at 409. This dual reference to Rule 11 and §6F, coupled with the express language of Rule 11 itself,[2] led this Division to conclude that Rule 11 did not, per se, authorize an award of attorney’s fees. See Nissenbaum v. McGovern, supra at 154. However, after Nissenbaum was decided, the Appeals Court left little doubt that Rule 11 independently authorizes attorney’s fees. In Doe v. Nutter, McClennen & Fish, supra at 143-144, the Appeals Court upheld a trial judge’s Rule 11(a) award of attorney’s fees, and further noted that a Single Justice of its Court could have based his own award of attorney's fees on Rule 11 even if such an award were not appropriate under Rule 25. In light of Doe, this Division more recently observed that “financial sanctions may be available for a violation of Rule 11 where an attorney acts out of malevolence, hostility or spite.” Taupa Lithuanian Fed. Credit Union v. Bajercius, 1997 Mass. App. Div. 31, 33.
Accordingly, we conclude that the trial court had the authority to award attorney’s fees as a sanction pursuant to Rule 11(a). In the circumstances of this case, however, such an award constituted an abuse of discretion. See, as to standard of review, Doe v. Nutter, McClennen & Fish, supra at 142; Bird v. Bird, supra at 371. The plaintiff’s fall occurred in August, 1992. His attorney initially focused on someone other than defendant Building 197/s as the party in control of the area where the plaintiff fell. When information upon which a determination of responsibility could have been made was not forthcoming from that party, plaintiff’s counsel brought suit in May, 1995 against multiple defendants, including Building 197/s. Once it became clear to plaintiff’s counsel that responsibility lay elsewhere, he offered to dismiss the complaint against defendant Building 197/s without prejudice. The defendant, however, declined this offer, insisting instead on a dismissal with prejudice.
The actions of plaintiff’s counsel are not to be condoned. Three years is more than a sufficient period of time in which to determine who controls the common areas of a shopping center, and the discovery process is not to be used, in any event, to ascertain whether one has a viable lawsuit against named party defendants. Counsel’s actions, however, appear to have resulted from an overabundance *171 of caution rather than from any animosity or ill will toward Building 19V8 or any attempt to extort an unjust recovery. His motivation was to protect his client, and not to cause Building 197/s harm or undue expense. At the time of plaintiffs order to dismiss, Building 197/s had only filed an answer and propounded a set of interrogatories. These circumstances must be contrasted with those of Doe v. Nutter, McClennen & Fish, supra, where the offending attorney was actually made aware before the suit was filed that no cause of action legally existed against the defendant law firm; where the suit was intended and designed to remove Nutter, McClennen & Fish as counsel for medical care providers which the attorney’s clients were also suing; and where the attorney’s spite and bad faith were clearly evidenced, as in correspondence in which he stated “NOBODY [was] going to do to [his] clients what [Nutter, McClennen & Fish] attempted and get away with it [emphasis in original].”
Accordingly, the trial court’s award of attorney’s fees is hereby vacated. Summary judgment, without an award of attorney’s fees, is to be re-entered for defendant Building 197A.
So ordered.

 As the Reporters’ Notes to Rule 11(a) indicate, the Rule “prescribes no specific sanctions against the offending attorney.” Rule 11(a) states: “If a pleading is not signed, or is signed with intent to defeat the purpose of this Rule, it may be stricken and the action may proceed as though the pleading had not been filed. For a wilful violation of this rule an attorney may be subjected to appropriate disciplinary action. Similar action may be taken if scandalous or indecent matter is inserted.”