Kern, Leila R., J.
The plaintiff, Sheila Gargano, brings this action against the defendant, National Floors Direct, seeking damages for alleged breach of contract, fraudulent inducement, violation of G.L.c. 93A, negligence and defamation. The defendant now brings this Motion to Dismiss pursuant to Mass.R.Civ.P. 12(b)(6). For the following reasons, the motion is ALLOWED.
BACKGROUND
The plaintiff alleges she entered into an agreement with the defendant whereby the defendant was to remove old flooring in her home and install new flooring. She also alleges the defendant offered various incentives designed to entice new customers, and that she chose the defendant based on these incentives. Once the defendant began work, according to the plaintiff, they failed to perform the job in a workman *17 ship-like manner, failed to install the flooring within specific guidelines, and damaged existing flooring. As a result, the plaintiff claims she and her family had to move out of her house, dispose of their furniture, and completely have the flooring redone.
DISCUSSION
I. Motion to Dismiss Standard
The defendant argues the plaintiff has not pled sufficient facts to show she is properly before this court and thus, her complaint should be dismissed. In assessing the merits of a motion to dismiss for failure to state a claim under Mass.R.Civ.P. 12(b)(6), the court takes as true “the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiffs favor . ..” Blank v. Chelmsford Ob/Gyn, P.C., 420 Mass 404, 407 (1995). A defendant is entitled to relief pursuant to Rule 12(b)(6) only when it appears beyond doubt that the “plaintiff can prove no set of facts in support of her claim which would entitle her to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In making such a determination, the court may not “consider the unlikelihood of the Plaintiffs ability to produce evidence to support otherwise legally sufficient complaint allegations ... however improbable appear the facts alleged ...” Richards v. Arteva Specialties S.A.R.L., 66 Mass.App.Ct. 726, 730 (2006), citing Brum v. Town of Dartmouth, 44 Mass.App.Ct. 318, 322 (1998).
II. Plaintiffs Claims
1. Negligence
The plaintiff claims the defendant performed work in a negligent manner, thus causing damage to her home. It is well established in this Commonwealth that, in the absence of a duty to act apart from a promise made, failure to perform a contractual obligation is not a tort.
Anderson v. Fox Hill Village Homeowners Corp., 424 Mass. 365, 368 (1997).
Tort obligations are in general obligations that are imposed by law on policy considerations to avoid some kind of loss to others. They are obligations imposed apart from and independent of promises made and therefore apart from any manifested intention of parties to a contract or other bargaining transaction. Therefore, if the alleged obligation to do or not do something that was breached could not have existed but for a manifested intent, then contract law should be the only theory upon which liability would be imposed.
Id., quoting W. Prosser & W. Keeton, Torts §92, at 656 (5th ed. 1984).
Here, the complaint fails to allege the defendant owed any duty apart from that owed pursuant to the agreement. The complaint alleges the defendant owed plaintiff a duty of care to “complete the removal and reinstallation of select flooring per the agreed upon contract” See complaint, par. 30 (emphasis added). Apart from the duties imposed by the contract, the plaintiff does not allege any independent duties owed by the defendant. Because the plaintiff has not pled facts giving rise to duties independent from those imposed by the agreement, her negligence claim must be dismissed. See id. at 368-69 (declining to impose a duty apart from that owed under contractual obligations).
2. Breach of Contract, Fraudulent Inducement and Violation of G.L.c. 93A
The plaintiff also argues the defendant fraudulently induced her to enter into an agreement, breached that agreement and committed violations of G.L.c. 93A. Generally, a party to an agreement who commits a breach of that agreement entitles the injured party to bring an immediate action for damages. See Lease-It, Inc. v. Mass. Port Auth., 33 Mass.App.Ct. 391, 396 (1992). It is, however, “well settled in this State, in regard to simple contracts, that ‘a person who is not a party to a simple contract . . . cannot sue on the contract. . " Saunders v. Saunders, 154 Mass. 337, 338 (1891), citing Exchange Bank v. Rice, 107 Mass. 37, 41 (1871).
Here, the plaintiff did not sign the agreement in question; rather a person named Ida Almeida did. While plaintiff argues in her opposition to the motion to dismiss that Ida Almeida functioned as her agent in signing the agreement, there is no such allegation in her complaint. On its face, the agreement in question exists between Ida Almeida and the defendant; even taking all allegations in the complaint as true, there is nothing to suggest that Ida Almeida was acting as plaintiffs agent. Consequently, because the plaintiff was not a party to the agreement in question, her complaint on this ground must be dismissed. See id. at 338.
The plaintiffs fraudulent inducement claim must also fail. In order to establish a claim for fraudulent inducement, the plaintiff must establish the elements of common law deceit, which include, “misrepresentation of a material fact, made to induce action, and reasonable reliance on the false statements to the detriment of the person relying.” Commerce Bank & Trust Co. v. Hayeck, 46 Mass.App.Ct. 687, 692 (1999). Because the plaintiff has failed to show she was a party to the agreement, she cannot show any misstatements made by the defendant induced her to enter into the agreement. As a result, her claim for fraudulent inducement must also fail.
For similar reasons, the defendant’s claim for violations of G.L.c. 93A must be dismissed. The plaintiff has not shown she was party to the agreement in question. She cannot, therefore, declare that the defendant engaged in any unfair or deceptive trade practices, at least as to her, with regard to the services proffered pursuant to the agreement in question.
*18 3. Defamation
Finally, the plaintiff claims the defendant defamed her in their response to the plaintiffs G.L.c. 93A demand letter. The defendant’s letter, mailed by counsel to plaintiffs counsel, alleges the plaintiff fabricated events in order to extort them. Statements made by an attorney “in the institution or conduct of litigation or in conferences and other communications preliminary to litigation” are subject to absolute privilege, even if made maliciously or in bad faith. Doe v. Nutter, McClennen & Fish, 41 Mass.App.Ct. 137, 140 (1996).
Here, the statements made by the defendant, through its attorney, were made preliminary to litigation and, thus, are privileged. The plaintiff sent the defendant the requisite 93A demand letter setting forth the various grounds for her claim and making a demand. The defendant responded by denying the allegations and making the statements at issue. This correspondence was preliminary to litigation; both parties were well aware that should the defendant not meet the plaintiffs demand, litigation would ensue. Id. at 141 (plaintiffs claims, originating from defendant’s attorney’s letter were properly dismissed because letter was in response to plaintiffs G.L.c. 93A demand letter). Consequently, the defendant’s statements were privileged, and the plaintiffs claim on this ground must be dismissed.
ORDER
It is hereby ORDERED the defendant’s Motion to Dismiss plaintiffs complaint is ALLOWED