Wilkins, Douglas H., J.
Still in the pleadings stage, this case has already been the subject of significant motion practice and resulting decisions regarding the scope, removability and adequacy of the allegations of the First Amended Complaint against defendants Wells Fargo Bank, N.A., Mortgage Electronic Registration Systems, Inc. and Merscorp (“the Lender Defendants”). See Mack v. Wells Fargo Bank, 29 Mass. L. Rptr. 14 (2011) (Moriarty, J.) (dismissing Count I, but denying the motion to dismiss the remaining counts). Now the other two defendants challenge the adequacy of the complaint through Defendants, Harmon Law Offices, P.C. and Commonwealth Auction Associates, Inc.’s Motion to Dismiss (“Motion”). To address the Motion’s challenge to the c. 93A claim, the plaintiff filed a Second Amended Complaint (“Complaint”), alleging compliance with the requirement that she send a demand letter.[2] After hearing and upon consideration of the parties’ written submissions, including the post-argument submissions requested by the Court, the Motion is DENIED.
BACKGROUND
The Complaint contains two counts against Harmon Law Offices, P.C. (“Harmon”) and Commonwealth Auction Associates, Inc. (“Commonwealth”). Count V asserts that Harmon and Commonwealth violated G.L.c. 93A by knowingly making false or misleading representations or communications with Mack as to the character, extent or amount of the Mortgage or as to its status in any legal proceeding (940 CMR 7.07), communicating with Mack in connection with the collection of the Mortgage with actual knowledge that Mack was represented by an attorney with respect to the mortgage (209 CMR 18.14), harassing, oppressing or abusing Mack in connection with the collection of a debt (209 CMR 18.15) and continuing to advertise and schedule the foreclosure sale of Mack’s home even after the issuance of the temporary restraining order and preliminary injunction in this case. Count VI alleges that these actions also violated the Massachusetts Civil Rights Act because Harmon and Commonwealth allegedly threatened, coerced and/or intimidated her while violating her rights.
The facts alleged in the Complaint are set forth in detail in Mack, 29 Mass. L. Rptr. at 15-16 and need not be repeated here. The Complaint alleges additional facts material to Counts V and VI against Harmon and Commonwealth, which are accepted as true only for the purposes of the Motion. Although Harmon knew that the plaintiff was represented by counsel, it communicated directly with her regarding her indebtedness. It had direct involvement through its execution of assignments as vice presidents and signing officers of MERS. These actions could subject Harmon’s employees and officers to being called as witnesses concerning these actions. In its letters to Mack dated September 16, 2010 and October 29, 2010, Harmon identified itself as a debt collector and was functioning as a debt collector as that term is defined under 15 U.S.C. §1692(a).
DISCUSSION
At this early stage of the proceeding, the only question is whether the challenged counts and the facts incorporated therein plausibly suggest that the plaintiff is entitled to relief. Iannacchino v. Ford Motor Co., 451 Mass. 623,636 (2008). The well pled facts in the complaint are taken as true for present purposes. Id.
I.
Putting aside the defense of litigation privilege (discussed in part II, below), the Complaint sufficiently alleges the involvement of Harmon and Commonwealth in the activities that underlie Counts V and VI, which the Court already has found to be sufficient against the Lender Defendants. Mack, 29 Mass. L. Rptr. at 19. Harmon’s and Commonwealth’s activities include “communicating with Mack directly even after they had knowledge that Mack was represented by counsel, [and] continuing to advertise and schedule the foreclosure sale of Mack’s home even after the issuance of the TRO and Preliminary Injunction by this Court, which constituted civil contempt.” Id., quoting the Complaint. Indeed, Harmon is alleged to have played the lead role in many of these alleged activities.
*184 It is true that Harmon’s status as attorney for Wells Fargo raises issues not previously decided in this case. There are exceptions for attorneys in some of the applicable regulations concerning “debt collector[s]” (209 CMR 18.02) and “third party loan servicer[s]” (209 CMR 18.21). These exceptions may make inapplicable some of the regulations cited in the complaint, but they do not define the outer reach of G.L.c. 93A, which does not exempt attorneys[3] and does not require proof of violation of some independent regulation or statute.[4] Moreover, as the plaintiff points out, G.L.c. 93, §49 expressly applies to “an attorney for a creditor,” prohibits unfair, deceptive or unreasonable practices in the collection of a debt (including direct contact with a debtor represented by counsel[5]) and expressly provides that violation “shall constitute an unfair or deceptive act or practice under the provisions of chapter ninety-three A.”
It does not matter that the second amended complaint omits any citation to §49. The rules of pleading do not require naming specific statutes and legal theories, as opposed to the facts underlying those theories. Pontremoli v. Spaulding Rehabilitation Hosp., 51 Mass.App.Ct. 622, 626n.4 (2001), quoting Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979) (“It is not fatal to the complaint that [the statute in question] was not specifically pleaded . . . ‘[A] complaint is not subject to dismissal if it would support relief on any theory of law’ ”) (emphasis in original).
At this stage, the alleged facts plausibly suggest a violation of c. 93A despite Harmon’s status as attorney. It follows that the Complaint states a prima facie claim for relief against Harmon and Commonwealth.[6]
II.
Harmon (but not Commonwealth) asserts the affirmative defense of litigation privilege, based upon its representation of its client, Wells Fargo.[7] To prevail on a motion pursuant to Mass.R.Civ.P. 12(b)(6) on the basis of an affirmative defense, Harmon must establish that (1) the facts establishing the defenses are definitively ascertainable from the Complaint and other information properly considered on a Rule 12(b)(6) motion and (2) those facts establish the affirmative defense with sufficient certainty to prove that the plaintiff has no plausible claim of entitlement to relief. See Bagley v. Moxley, 407 Mass. 633, 637 (1990) (issue preclusion); Cavanagh v. Cavanagh, 396 Mass. 836, 839 (1986) (same); Doe v. City of Fitchburg, 76 Mass.App.Ct. 1106, 919 N.E.2d 715 (Rule 1:28 order; post-Iannacchino), and cases cited; Brown v. Accredited Home Lenders, Inc., 2009 WL 6297594 (2009) (Troy. J.) [26 Mass. L. Rptr. 559] (holder of a note failed to establish affirmative defense of bona fide purchaser for value at Rule 12(b)(6) stage).
Statements made in the course of or concerning court proceedings “are absolutely privileged provided such statements relate to that proceeding.” Sriberg v. Raymond, 370 Mass. 105, 108-09 (1976). See also Correllas v. Viveiros, 410 Mass. 314, 324 (1991); Guiffrida v. High Country Investor, Inc., 73 Mass.App.Ct. 225, 242 (2008), and cases cited; Sullivan v. Birmingham, 11 Mass.App.Ct. 359, 361-62 (1981). The privilege is not limited to defamation cases.
This absolute privilege protects an attorney’s efforts on behalf of his client from any civil liability, regardless of the legal dress it wears. Blanchette v. Cataldo, 734 F.2d 869, 877 (1st Cir. 1984). Indeed, if the statements, as here, were relevant to the litigation, the absolute privilege provides a complete defense even if the statements were false and “uttered maliciously or in bad faith.” Doe v. Nutter, McClennen & Fish, 41 Mass.App.Ct. 137, 140 (1996).
Crocker v. Citizens Bank, 2003 WL 734430 (Sup.Ct. 2003) (Gants, J.).
The Nutter case is particularly germane. There, an attorney’s pre-litigation response to a demand letter sent under G.L.c. 93A was absolutely privileged even though it contained an allegedly bad faith threat and was sent directly to a client who was represented by counsel, in alleged (but contested) violation of then-applicable S.J.C. Rule 3:07, Canon 7, DR 7-104. Nutter, 41 Mass.App.Ct. at 140-41. That holding illustrates that the litigation privilege may bar at least some complaints based upon the manner of communication, not just the content of the statements.
Giuffrida, 73 Mass.App.Ct. 242-43, also bears directly upon the plaintiffs assertion that the litigation privilege does not apply because Harmon went beyond its role as attorney and acted as vice-president and agent in undertaking certain actions. The litigation privilege applies not only to statements by attorneys but also to “communications by a party” as long as the other conditions for the privilege are present. Id.
While these authorities help narrow the dispute, the plaintiff still has a point: the rules governing litigation privilege do not apply straightforwardly to the foreclosure context. Massachusetts is not a judicial foreclosure state; foreclosures by entry or exercise of a power of sale “follow private contractual provisions or the course of the common law.” Beaton v. Land Court, 367 Mass. 385, 393-94 n.6 (1975) (dictum). The Complaint nowhere suggests that Harmon had any intention of employing the rarely-used option of foreclosure by action (G.L.c. 244, §§3, 4) or that Harmon somehow contemplated that this plaintiff would file her own lawsuit to enjoin the foreclosure or attempt to redeem the property by proceedings under G.L.c. 244, §§18-36. It is perhaps true that any foreclosure necessarily contemplates a proceeding under the Servicemembers Civil Act (50 U.S.C.App. §532), but the narrow scope of that statute leaves it open to question whether Harmon’s statements and actions “relate to that proceeding” within the meaning of Sriberg, 370 Mass. at 108-10. As Beaton stated (367 Mass. at 390), proceedings under §532 “are not in themselves mortgage *185 foreclosure proceedings,” “occur independently of the actual foreclosure itself and of any judicial proceedings determinative of the general validity of the foreclosure” and are not a prerequisite to the validity of the foreclosure “as to anyone not entitled to the protection of that act.” While the plaintiff therefore has a plausible argument that the litigation privilege does not apply at all to foreclosure by entiy, it would be premature to decide that question without further factual development and a motion squarely raising the viability of that defense.
For purposes of Rule 12(b)(6), it is enough to note that Harmon cannot show on the face of the Complaint that its communications and actions were “preliminary to a proposed judicial proceeding” and that “legal action was contemplated when the allegedly [offending] statements [and actions] were made.” Giuffrida, 73 Mass.App.Ct. at 242.[8] Without those showings, Harmon cannot claim the benefit of the holdings in Nutter, 41 Mass.App.Ct. at 140-41, and Gtuffiida, 73 Mass.App.Ct. 242-43, which otherwise might immunize its direct communications with the plaintiff and its activities in its capacities as vice-president and agent for Wells Fargo.[9]
It follows that summaiyjudgment, and not a motion to dismiss, is the “weapon of first choice” to determine whether the litigation privilege protects all of Harmon’s alleged activities. See Kirkland Constr. Co. v. James, 39 Mass.App.Ct. 559, 564 (1995), rev. den., 422 Mass. 1104 (1996) (Brown, J., concurring).
ORDER
For the foregoing reasons, Defendants, Harmon Law Offices, RC. and Commonwealth Auction Associates, Inc.’s Motion to Dismiss is DENIED.

The defendants therefore agreed to withdraw their Motion to the extent it was based upon failure to comply with the demand letter requirement of G.L.c. 93A.

Kirkland v. James, 39 Mass.App.Ct. 559, 564 (1995).

Slaney v. Westwood Auto, Inc., 366 Mass. 688, 693 (1975).

Harmon’s suggestion that the second amended complaint does not plead a request to communicate solely with counsel is very troubling, as counsel is obliged to be aware of the disciplinary rule on this point. Supreme Jud. Ct. Rule 3:07, Rule of Professional Conduct 4.2. The argument that the statute requires one attorney to state the obvious to another attorney — and to insult Harmon’s intelligence by needlessly restating rules that all attorneys are charged with knowing — is sophistry.

Given the previous determination that the Complaint states a c. 93A violation, it is not efficient or prudent to parse the specific regulations cited in the Complaint at this stage. That task should occur when the record is more complete.

Harmon raised the same issue in Gilbert v. Federal National Mortgage Association, 2011 WL 1364019 (Super. Ct. 2011) (Leibensperger, J.), at n.4, but it was not necessary for the Court to reach that question in that case.

The trial-type nature of the quasi-judicial disciplinary proceedings in Fisher v. Lint, 69 Mass. App. Ct. 360, 366 (2007) (applying judicial privilege to statements relating to an agency’s adjudicatory hearing), are not comparable to a nonjudicial foreclosure in Massachusetts, which has no “procedural safeguards” that “adequately minimize the risk that defamation or other tortious conduct will occur.” Indeed, that test, as articulated in Fisher, calls for denial of the privilege in the context of a non-judicial foreclosure, which lacks procedural safeguards aimed at ensuring truthfulness, such as the right to counsel, the right to present evidence, the right to cross-examine witnesses and the threat of perjury when giving testimony under oath (see Fisher, 69 Mass.App.Ct. at 369-70).

The string citation to Trial Court decisions appended to Harmon’s Motion requires substantial work to analyze and provides no authority contrary to the plaintiffs argument. See, e.g. Molloy v. JP Morgan Chase, Middlesex No. 09-3865, Order on Motion to Dismiss, pp. 11, 14 (March 25, 2010) (Chemoff, J.) (dismissing a claim against Harmon for alleged misrepresentation in a Land Court foreclosure pleading — not for statements in a non-judicial foreclosure “proceeding”; also declining to dismiss a civil conspiracy claim against Harmon); Koolen v. Mortgage Electronic Registration Systems, Inc., 2010 WL 2926567 (D.R.I. 2010) (dismissal on grounds other than litigation privilege); Collado v. Wells Fargo Bank, N.S., Docket No. 11-006S (D.R.I. 2011) (no allegations against attorney and no opposition to dismissal); LaPierre v. U.S. National Bank Association, Superior Court No. 08-1392 (Worcester Super.Ct. July 2, 2010) (Kenton-Walker, J.) (dismissing some claims against Harmon on grounds other than litigation privilege, but finding “a dispute of material fact as to whether all amounts that . . . Harmon attempted to collect were duly authorized”); Nichols v. U.S. Bank National Association(Super. Ct. of Hillsborough County (N.H. 2010) (unopposed motion to dismiss on grounds other than litigation privilege). Harmon has appended the Land Court’s decision, not the unreported Superior Court decision in Mortgage Electronic Registration Systems, Inc. v. Galiastro, Worcester Superior Court No. 2010-678 (Order on Motion to Dismiss dated March 29,2010) (McCann, J.), appeal pending, Appeals Court No. 2011-P-312, and the Court has not considered that decision.